183 N.J. Super. 24 (1982)
443 A.2d 219
PETER SHAPIRO, ESSEX COUNTY EXECUTIVE, PLAINTIFF-RESPONDENT,
v.
ESSEX COUNTY BOARD OF CHOSEN FREEHOLDERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1981.
Decided February 1, 1982.
*25 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Thomas M. McCormack, Essex County Board of Chosen Freeholders Counsel, argued the cause for appellant.
David H. Ben-Asher, Essex County Counsel, argued the cause for respondent (Marc C. Gettis, Assistant County Counsel, on the briefs).
Charles M. Schimenti, Hudson County Board of Chosen Freeholders Counsel, argued the cause for amicus curiae board.
William L. Boyan, Mercer County Board of Chosen Freeholders Counsel, submitted a brief on behalf of amicus curiae board.
Paul T. Koenig, Jr., Mercer County Counsel, submitted a brief on behalf of amicus curiae Bill Mathesius (Barry D. Szaferman and Gail R. Henningsen of counsel and on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
This is an appeal by defendant Essex County Board of Chosen Freeholders from a summary judgment entered in the Law Division holding that under the Optional County Charter Law, N.J.S.A. 40:41A-1 et seq., the authority to set salaries of county employees below the level of department head is vested in the county executive and not in the board. The facts, which are not in dispute, and the question presented for resolution are set forth in Judge Baime's opinion which is reported in 177 N.J. Super. 87.
*26 We agree with Judge Baime that the fixing of the salaries here in question is an administrative act and that the Legislature has granted that power to plaintiff. In reaching our conclusion, however, we proceed by a slightly different route for the reasons hereinafter expressed.
Prior to the enactment of the Charter Law the boards of freeholders determined the salaries of all county employees pursuant to N.J.S.A. 40A:9-10:
Except as otherwise provided by law, the board of chosen freeholders of the county or the governing body of the municipality shall fix the amount of salary, wages or other compensation to be paid to county and municipal officers and employees unless they are to serve without compensation.
Whether this general statute applies to Charter Law counties depends upon whether it is "not inconsistent" with the Charter Law. N.J.S.A. 40:41A-26(a).
The only clear statement on the subject of determining salaries under the Charter Law, as Judge Baime noted, is found in N.J.S.A. 40:41A-100(d). That section authorizes the freeholders to fix the compensation of its members, the county executive, the county administrator and all department heads. More specifically, it provides:
The compensation of the county executive, supervisor, manager or board president, and of freeholders and the administrative officer and department heads shall be fixed by the board by ordinance promptly after its organization.
Utilizing the expressio unius interpretive aid to statutory construction, Judge Baime concluded that § 100(d) was an exhaustive list of those positions for which the freeholders may set salaries. Since that section was narrower than the general salary setting power of N.J.S.A. 40A:9-10, Judge Baime held that that statute was inconsistent with the Charter Law and thus inapplicable.
Having concluded that N.J.S.A. 40A:9-10 did not apply, Judge Baime resolved the question of who was empowered to set administrative salaries as dependent on how that function was characterized:
Under the County Executive form of government, both the board and the county executive constitute the "governing body" of the county. N.J.S.A. *27 40:41A-32(b). There is a distinct demarcation of authority between the two branches, however. The county executive is vested with responsibility for all administrative functions, while the board is the sole legislative body. Id. This division of labor resulted from the realization that the administrative burdens confronting freeholder boards seriously inhibited their ability to set priorities and formulate policies. Therefore, the threshold question presented is whether the setting of salaries is an administrative or a legislative function. [177 N.J. Super. at 95; footnote omitted]
He concluded that the setting of the salaries in this case was an administrative function and thus within the province of the county executive.
The Hudson County Board of Chosen Freeholders, in their amicus brief, assert that Judge Baime's holding is too broad and if followed to its logical conclusion, will lead to untenable results. Specifically, Hudson County asserts that reliance upon § 100(d) is unsound for two reasons. First, since § 100(d) applies to all four county plans, Judge Baime's reasoning is equally applicable to all four plans. Hudson County suggests that vesting this salary-setting function in the administrator may not be appropriate under the other plans, particularly since under two of the plans the administrator is not elected. Second, Hudson County notes that factually the issue before the court involved the setting of salaries "of all administrative employees," and that Judge Baime's opinion went beyond the facts when he held that the county executive had the power to set all salaries not specified in § 100(d). Thus, Hudson County maintains that under this reasoning the county executive has the "power to set the salaries of the entire class of employees within the legislative branch of government, simply because that group of employees is not listed in 100(d)."
We do not believe that N.J.S.A. 40:41A-100(d) must be interpreted as rendering N.J.S.A. 40A:9-10 inconsistent with the Charter Law. And while we agree that the maxim expressio unius est exclusio alterius may properly be applied to the section, we do not apply it so as to imply that the freeholders' power to set salaries is limited to those positions listed. We believe the legislative intent evidenced in this section is to *28 prescribe the manner in which the salaries for the positions listed must be set. Thus, only those titles listed in § 100(d) must have their salaries set by ordinance.
"It is a recognized tenet of municipal law that the term `ordinance' encompasses matters legislative in character, while the term `resolution' refers to matters administrative or procedural in nature." Albigese v. Jersey City, 129 N.J. Super. 567, 569 (App.Div. 1974). See, also, McLaughlin v. Millville, 110 N.J. Super. 200, 209 (Law Div. 1970); O'Keefe v. Dunn, 89 N.J. Super. 383, 388 (Law Div. 1965), aff'd o.b. 47 N.J. 210 (1966); Woodhull v. Manahan, 85 N.J. Super. 157, 164 (App.Div. 1964), aff'd 43 N.J. 445 (1964); 5 McQuillin, Municipal Corporations, § 15.02 (1969). By requiring the salaries of the positions listed in § 100(d) to be set by ordinance, the Legislature established the setting of those salaries as a legislative act. By exclusion, it relegated the setting of all other salaries to be an administrative act.
Under the county executive form of government the functions previously performed solely by the freeholders are now divided between the freeholders and the county executive who collectively constitute the governing body of the county. N.J.S.A. 40:41A-32(b). The county executive is vested with responsibility for all administrative functions while the board is the sole legislative body. In accordance with this division of functions, § 32(b) provides:
In each county operating under this article, the term "governing body" of the county shall be construed to include both the board of freeholders and the county executive. For the purpose of the construction of all other applicable statutes, any and all administrative or executive functions heretofore assigned by general law to the board of freeholders shall be exercised by the county executive, and any and all legislative and investigative functions heretofore assigned by general law to the board of freeholders shall be exercised by the board, all in accordance with the separation of powers provided for in section 86 of the act of which this act is amendatory (C. 40:41A-86).
The interpretation we suggest is further supported by the fact that under the Charter Law the voters may initiate only ordinances by referendum, N.J.S.A. 40:41A-104, and may protest any ordinance passed by the freeholders. N.J.S.A. 40:41A-105. As Judge Baime recognized, there is a growing trend to treat *29 the setting of salaries as an administrative act for referendum purposes. 177 N.J. Super. at 97; City of Lawrence v. McArdle, 214 Kan. 862, 522 P.2d 420 (1974). Since referendum provisions are applicable only to the exercise of legislative power, see, e.g., Cuprowski v. Jersey City, 101 N.J. Super. 15, 23 (Law Div. 1968), aff'd o.b. 103 N.J. Super. 217 (App.Div. 1968), treating the setting of salaries as an exercise of administrative power necessarily precludes the application of such provisions to this function. Thus, if § 100(d) is interpreted in this manner, the setting of those salaries not listed in that section will fall outside the reach of the initiative and referendum process. This seems to be the better view. 177 N.J. Super. at 97.
We do not mean to suggest that the administrative officer under all four county plans established in the Optional County Charter Law is consequently entrusted with the task of setting these salaries. In the absence of some contrary statutory provision, N.J.S.A. 40A:9-10 continues to empower the freeholders to set salaries. We conclude here that under the County Executive Plan, N.J.S.A. 40:41A-32(b), such contrary provisions exist. That plan expressly vests in the executive officer those administrative functions previously delegated to the freeholders.
Affirmed.