PETER SHAPIRO, ESSEX COUNTY EXECUTIVE, PLAINTIFF-RE-
SPONDENT, v. ESSEX COUNTY BOARD OF CHOSEN
FREEHOLDERS, DEFENDANT-APPELLANT.

Argued October 25, 1982—Decided December 1, 1982.

*Thomas M. McCormack,* Counsel, argued the cause for the
appellant.

*David H. Ben-Asher,* Essex County Counsel, argued the cause for respondent (*David H. Ben-Asher,* attorney; *Marc C. Gettis,* Assistant County Counsel, on the brief).

*Charles M. Schimenti,* Counsel, argued the cause for *amicus curiae* Hudson County Board of Chosen Freeholders.

*Barry D. Szaferman,* Deputy County Counsel, submitted letter in lieu of brief on behalf of *amicus curiae* Mercer County Executive (*Paul T. Koenig,* County Counsel, attorney).

PER CURIAM.

The Essex County Executive brought this action challenging the Comprehensive Salary Ordinance passed by the Essex County Board of Chosen Freeholders seeking a declaration of his authority to set salaries of county employees under the Optional County Charter Law, *N.J.S.A.* 40:41A–1 to –147. The trial court entered summary judgment for the County Executive. 177 *N.J.Super.* 87 (Law Div.1980). That judgment was affirmed in an opinion by Judge Matthews for the Appellate Division. 183 *N.J.Super.* 24 (1982). We affirm essentially for the reasons stated in his opinion.

Resolution of the issue depends upon an interpretation of the general statutes governing counties and the specific provisions governing a county operating under the Optional County Charter Law, in particular one where the county has selected the county executive plan. *N.J.S.A.* 40:41A–31. The general statute, *N.J.S.A.* 40A:9–10, provides:

> Except as otherwise provided by law, the *board of chosen freeholders* of the county or the governing body of the municipality shall fix the amount of salary, wages or other compensation to be paid to county and municipal officers and employees unless they are to serve without compensation. [Emphasis added]

This statute authorized the governing body of the county or municipality to fix the salaries and wages of officers and employees. Under the county executive plan, the governing body includes "both the board of freeholders and the county executive." *N.J.S.A.* 40:41A–32(b). The county executive then

would fall within the class empowered under the act to fix salaries. Moreover, that statutory provision also states:

> ... *For the purpose of the construction of all other applicable statutes, any and all administrative or executive functions heretofore assigned by general law to the board of freeholders shall be exercised by the county executive,* and any and all legislative and investigative functions heretofore assigned by general law to the board of freeholders shall be exercised by the board, all in accordance with the separation of powers provided for in section 86 of the act of which this act is amendatory (C. 40:41A–86). [Emphasis added]

Fixing salaries of county employees in the executive and administrative branches of government is primarily an administrative or executive function that the Optional Charter Law has delegated to the county executive. This conclusion is buttressed by *N.J.S.A.* 40:41A–86, which provides:

> In any county that shall have adopted a charter under [article 3 of] this act, the board of chosen freeholders shall deal with county employees only through the officials responsible for the over-all executive management of the county's affairs . . . *i.e.,* through the county executive . . . . All contact with county employees, all actions and communications concerning the administration of the county's government and provision of services, shall be through the aforementioned official[ ] [the county executive], except as otherwise provided in this act.
>
> .   .   .
>
> It is the intent of this act to confer on the board general legislative and such investigative powers as are germane to the exercise of its legislative powers, but to retain in the head of the executive branch full control over the county administration and over the administration of county services provided for in this act.

Thus, as the Appellate Division concluded, there is no conflict between the general statute and the specific provisions of the Optional County Charter Law governing the county executive plan.

We decide today only that the county executive has the authority to set salaries of the county administrative and executive personnel described in the ordinance under the county executive plan of the Optional County Charter Law, with the exception of constitutional and other statutorily designated positions whose salaries are to be set by the board of freeholders.

Affirmed.

*For affirmance*—Chief Justice WILENTZ, and Justices CLIF-FORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

*Opposed*—none.