294 N.J. Super. 101 (1996)
682 A.2d 750
ESSEX CRANE RENTAL CORP., APPELLANT,
v.
DIRECTOR, DIVISION ON CIVIL RIGHTS, RESPONDENT. PAM LOMBARDELLI, RESPONDENT-COMPLAINANT,
v.
ESSEX CRANE RENTAL CORP., APPELLANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1996.
Decided October 3, 1996.
*103 Before Judges DREIER, D'ANNUNZIO and WEFING.
Paul P. Josephson argued the cause for appellant (Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, attorneys; Mr. Josephson, on the brief).
Charles S. Cohen, Deputy Attorney General, argued the cause for respondent State of New Jersey, Division on Civil Rights (Peter Verniero, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Mr. Cohen, on the brief).
Elise P. Rossbach argued the cause for respondent Pam M. Lombardelli (Jemas, Nardone & Brunside, attorneys; Ms. Rossbach, on the brief).
Anthony J. Monaco, attorney for amicus curiae National Association of Manufacturers submitted a brief (Quentin Riegel, Deputy General Counsel, and Mr. Monaco, on the brief).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
*104 This is a case of first impression under New Jersey's Family Leave Act (Act). N.J.S.A. 34:11B-1 to -16. At issue is the breadth of the Act's definition of "employer." This appeal arises out of a complaint filed with the New Jersey Division on Civil Rights (Division) by Pamela Lombardelli, alleging that Essex Crane Rental Corp. (Essex) violated the Act. Essex appeals from the Division's determination of probable cause which, in part, specifically rejected Essex's contention that the Act does not apply to it because Essex has "under a dozen employees in New Jersey," though it employs "a total of approximately 164 persons in six states." The Division referred the matter to the Office of Administrative Law for a hearing as a contested case. Thus, the Division's determination, made in the context of Lombardelli's complaint, that the Act applies to Essex is interlocutory. Because the issue is of substantial public interest, we now grant leave nunc pro tunc to appeal the Division's construction of the Act's definition of "employer."
The Act requires employers, as defined in the Act, to grant leave to employees under certain circumstances such as the birth of a child or illness of a member of an employee's family. N.J.S.A. 34:11B-3i(1) and (3). The Act defines "employer" as "a person or corporation, partnership, individual proprietorship, joint venture, firm or company or other similar legal entity which ... employs 50 or more employees...." N.J.S.A. 34:11B-3f(3). The Act does not state that all the required minimum number of employees be located in New Jersey.
N.J.S.A. 34:11B-16 authorizes the Division to "promulgate rules and regulations ... deemed necessary for the implementation and enforcement of this act." Pursuant to this authority, the Division promulgated a regulation defining an "employer" as "an employer as defined in the Act which employs 50 or more employees, whether employed in New Jersey or not ...." N.J.A.C. 13:14-1.2. (Emphasis added.)
*105 The Act's benefits, of course, apply only to an employer's New Jersey employees. N.J.S.A. 34:11B-4. Thus, to be subject to the Act, an employer must have at least one New Jersey employee. Essex contends that the Legislature intended to apply the Act only to entities with 50 or more New Jersey employees and, therefore, the Division's definition of employer violates the Act.
In construing a statute we must effectuate the Legislature's intent. Monmouth County v. Wissell, 68 N.J. 35, 43-44, 342 A.2d 199 (1975). Sources of legislative intent are the language of a statute, the policy behind a statute, concepts of reasonableness, and legislative history. Coletti v. Union Co. Bd. of Chosen Freeholders, 217 N.J. Super. 31, 35, 524 A.2d 1270 (App.Div. 1987); Shapiro v. Essex County Bd. of Chosen Freeholders, 177 N.J. Super. 87, 92, 424 A.2d 1203 (Law Div. 1980), aff'd, 183 N.J. Super. 24, 443 A.2d 219 (App.Div. 1982), aff'd, 91 N.J. 430, 453 A.2d 158 (1982).
"[W]e must first look at the evident wording of the statute to ascertain its plain meaning and intent." Renz v. Penn Central Corp., 87 N.J. 437, 440, 435 A.2d 540 (1981). Our duty is to apply the legislative intent as expressed in the statute's language, and we are not to presume that the Legislature intended something other than what it expressed by its plain language. In re Jamesburg High Sch. Closing, 83 N.J. 540, 548, 416 A.2d 896 (1980); In re Howell Tp., Monmouth County, 254 N.J. Super. 411, 419, 603 A.2d 959 (App.Div. 1991). The Act by its terms applies to employers with 50 or more employees. This definition contains no limiting language based on the employees' location. Essex, therefore, is asking this court to supply limiting language which the Legislature did not use. We perceive no compelling reason in the language of the Act, its legislative history or its policy objectives to add limiting language.
The broad definition of "employer" is consistent with the Act's policy and purpose. In Cedar Cove, Inc. v. Stanzione, 122 N.J. 202, 213, 584 A.2d 784 (1991) the Court observed that "[t]he *106 construction that will best effectuate the statute's ultimate objectives is to be preferred." The Legislature expressed the purpose and policy behind the Act in its findings and declarations:
The Legislature finds and declares that the number of families in the State in which both parents or a single parent is employed outside of the home has increased dramatically and continues to increase and that due to lack of employment policies to accommodate working parents, many individuals are forced to choose between job security and parenting or providing care for ill family members. The Legislature further finds that it is necessary to promote the economic security of families by guaranteeing jobs to wage earners who choose to take a period of leave upon the birth or placement for adoption of a child or serious health condition of a family member. The Legislature, therefore, declares that it is the policy of the State to protect and promote the stability and economic security of family units. The Legislature further declares that employees should be entitled to take a period of leave upon the birth or placement for adoption of a child or serious health condition of a family member without risk of termination of employment or retaliation by employers and without loss of certain benefits.
[N.J.S.A. 34:11B-2.]
These concerns apply to all New Jersey employees and their families. The only limit the Legislature placed on the Act's scope is the requirement that an employer have at least 50 employees. Applying the Act to all such employers, without regard to the geographic distribution of its employees, is consistent with the Act's unrestricted language and will most widely achieve the Act's objectives. We concede that policy reasons may exist to support a limitation on the Act's scope. That policy decision, however, must be made and expressed by the Legislature.
We also are cognizant of the principle that "statutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as `consonant to reason and good discretion.'" Schierstead v. Brigantine, 29 N.J. 220, 230, 148 A.2d 591 (citations omitted). And "where a literal reading of the statute leads to absurd consequences, `the court must restrain the words' and seek the true legislative intent." Id. at 231, 148 A.2d 591 (citing In re Merrill, 88 N.J. Eq. 261, 102 A. 400 (Prerog.Ct. 1917)). Moreover, in construing a statute, we assume that the Legislature intended a reasonable approach, and the statute should be construed to effect a reasonable approach. Roman v. Sharper, 53 N.J. 338, 341, 250 A.2d 745 (1969). Application *107 of these principles does not mandate a judicial construction restricting the Act to employers with 50 or more New Jersey employees. We cannot conclude that counting all employees and not merely New Jersey employees violates standards of reasonableness or common sense, or leads to an absurd or anomalous result.
Essex relies on letters from Senator Di Francesco and Assemblyman Foy. The letters are dated in August 1990 after the Act became law. The letters are addressed to the Division and in them the legislators objected to the Division's proposed definition of employer. The legislators stated that it was the Legislature's intent to count only New Jersey employees in applying the Act. Although the use of post-enactment statements of legislators explaining legislative intent has been disapproved, see Dumont Lowden, Inc. v. Hansen, 38 N.J. 49, 56, 183 A.2d 16 (1962), we have considered the letters. We are persuaded that they are of limited legal value because the understanding of those two legislators was not expressed in the statute "and may not now be permitted to overcome the clear meaning and legal effect of the [Act]." Ibid.
Essex contends that amendments to the Act, prior to its passage, increasing the number of employees in the definition of "employer" evinces a legislative intent to preclude the Act's applicability to small employers. Although we accept the premise, we reject the suggested inference that the Legislature did not intend to count employees outside New Jersey. The Legislature lifted the Act's burden from employers with fewer than 50 employees. It did not require that all those employees be based in New Jersey, though it easily could have done so. Moreover, not all employers with less than 50 New Jersey employees are small businesses. Some may have hundreds or thousands of employees in neighboring states or in other parts of the country.
The fact that a bill is pending to amend the definition of "employer" by requiring that at least 50 employees be located in *108 New Jersey is of no significance. It is only a bill and has not been enacted by the Legislature.
Essex contends that applying the Act to a small business with only eight employees in New Jersey merely because it has more employees elsewhere, violates principles of equal protection and fundamental fairness. We do not address the issue because it is not within our grant of leave to appeal, and because, in light of this opinion, it is a challenge to the statute which is best addressed on a more complete record.
The Division's determination that Essex is an employer within the Act's definition is affirmed.