688 A.2d 116

THE NEW A.C. CHEVROLET, INC., APPELLANT, v. CHEVROLET DIVISION OF GENERAL MOTORS CORPORATION AND DIFEO CHEVROLET–GEO, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1996—Decided February 7, 1997.

Before Judges DREIER, D'ANNUNZIO and COSTELLO.

*Martin G. Margolis,* argued the cause, for appellant (*The Margolis Law Group, P.C.,* attorneys; *Mr. Margolis* and *Thomas G. Russomano,* on the brief).

*Michael S. Waters,* argued the cause, for respondent Chevrolet Division of General Motors Corporation (*Carpenter, Bennett &*

Morrissey, attorneys; *Mr. Waters* and *Lois H. Goodman,* on the brief; *James J. Williams,* of counsel).

*Eric Chase,* argued the cause, for respondent DiFeo Chevrolet–Geo (*Bressler, Amery & Ross,* attorneys; *Mr. Chase* and *Gladys W. Orr,* on the brief).

*Vicki A. Mangiaracina,* Deputy Attorney General, argued the cause, for the Motor Vehicle Franchise Committee (*Deborah T. Poritz,* Attorney General, attorney; *Ms. Mangiaracina,* on the Statement in Lieu of Brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

The New A.C. Chevrolet, Inc. (AC) appeals from a final decision of the Motor Vehicle Franchise Committee rendered under "An Act regulating the . . . relocation of motor vehicle franchises" (Act). *N.J.S.A.* 56:10–16 to 25. The Franchise Committee adopted by inaction the initial decision of Administrative Law Judge Simonelli. *See N.J.S.A.* 52:14B–10. ALJ Simonelli had determined that respondent DiFeo Chevrolet–Geo (DiFeo) had the right, under *N.J.S.A.* 56:10–20(a), to relocate its franchise from the intersection of Route 440 and Clendenny Avenue in Jersey City to a location approximately .3 mile south on Route 440 in Jersey City. Accordingly, the ALJ recommended dismissal of AC's protest. We affirm.

*N.J.S.A.* 56:10–18 (section 18), prohibits the relocation of a franchise if it will be injurious. *N.J.S.A.* 56:10–23 establishes factors the Franchise Committee must consider in determining whether a relocation will be injurious.

*N.J.S.A.* 56:10–19 (section 19) requires a franchisor to give notice to its existing franchisees within the relevant market of the franchisor's intent to relocate a franchise. Any franchisee entitled to notice may file a protest with the Franchise Committee.

*N.J.S.A.* 56:10–20, as originally enacted, provided:

> The provisions of sections [18 and 19] of this act notwithstanding, a motor vehicle franchisor may:
>
> a. Permit an existing franchisee to relocate his franchise within 2 miles of the franchisee's existing franchise location; or
>
> b. Reopen or reactivate a franchise or business which has not been in operation for a period of 1 year or less at a site within 2 miles of the prior site.

This section did not limit the number of times a franchisee could relocate as long as the relocation was "within 2 miles of the franchisee's existing franchise location." *Ibid.*

The Legislature, however, amended *N.J.S.A.* 56:10–20 (section 20) effective January 18, 1992. It now provides:

> The provisions of section 3 and 4 of *P.L.* 1982, c. 156 (C. 56:10–18 and 56:10–19) notwithstanding, a motor vehicle franchisor may:
>
> a. Permit an existing franchisee to relocate his franchise within 2 miles of the franchisee's existing franchise location, except that a franchise may not be relocated *pursuant to this subsection* unless at least five years have elapsed since any previous relocation *pursuant to this subsection;*
>
> b. Reopen or reactivate a franchise or business which has not been in operation for a period of 2 years or less at a site within 2 miles of the prior site; or
>
> c. Permit the purchaser of a controlling interest in the shares or substantially all of the operating assets of an existing franchise to relocate the place of business of the franchise within 2 miles of the previously approved franchise location within 180 days of the date of purchase.
>
> [Emphasis added.]

At issue is the application of section 20 to DiFeo's relocation in November 1992 to Clendenny Avenue in connection with its purchase of an existing dealership, and its proposed 1995 relocation to Route 440. In 1992, Difeo purchased the assets of Bell Chevrolet, Inc., a franchise located on Kennedy Boulevard in Jersey City. Simultaneously, General Motors granted DiFeo a franchise to operate the Chevrolet dealership at Route 440 and Clendenny Avenue, a location within two miles of the Kennedy Boulevard site. In May 1995, General Motors approved DiFeo's request to relocate the Chevrolet dealership to Route 440, .3 mile from the Clendenny Avenue site.

AC contends that the proposed move to Route 440 qualifies as the second move within five years under section 20 and, therefore, is subject to protest under sections 18 and 19. DiFeo and General

Motors argue that the 1992 move was under subsection 20c, and that the Route 440 move is the first move under subsection 20a.

In construing a statute we must effectuate the Legislature's intent. *Monmouth County v. Wissell,* 68 *N.J.* 35, 43–44, 342 *A.*2d 199 (1975). Sources of legislative intent are the language of a statute, the policy behind a statute, concepts of reasonableness, and legislative history. *Coletti v. Union County Bd. of Chosen Freeholders,* 217 *N.J.Super.* 31, 35, 524 *A.*2d 1270 (App.Div.1987); *Shapiro v. Essex County Bd. of Chosen Freeholders,* 177 *N.J.Super.* 87, 92, 424 *A.*2d 1203 (Law Div.1980), *aff'd,* 183 *N.J.Super.* 24, 443 *A.*2d 219 (App.Div.1982), *aff'd,* 91 *N.J.* 430, 453 *A.*2d 158 (1982).

"[W]e must first look at the evident wording of the statute to ascertain its plain meaning and intent." *Renz v. Penn Central Corp.,* 87 *N.J.* 437, 440, 435 *A.*2d 540 (1981). Our duty is to apply the legislative intent as expressed in the statute's language, and we are not to presume that the Legislature intended something other than what it expressed by its plain language. *Matter of Closing of Jamesburg High School,* 83 *N.J.* 540, 548, 416 *A.*2d 896 (1980); *In re Howell Tp., Monmouth County,* 254 *N.J.Super.* 411, 419, 603 *A.*2d 959 (App.Div.), *certif. denied,* 127 *N.J.* 548, 606 *A.*2d 362 (1991).

AC attempts to squeeze both DiFeo moves under subsection 20a. However, DiFeo's move to Clendenny Avenue was occasioned by its purchase of Bell's assets, and the move was permitted under subsection 20c. Subsection 20a permits a relocation unconnected with the purchase of an existing franchise. Subsection 20a twice uses the phrase "pursuant to this subsection." It prohibits a free relocation "pursuant to this subsection," within five years of "any previous relocation pursuant to this subsection." DiFeo's relocation to Clendenny Avenue in 1992 was pursuant to subsection "c" and not subsection "a," and the statute's express language renders the five year restriction inapplicable.

AC argues that the legislative intent was to limit a franchisee to one move in five years regardless of the reason for the move. AC

relies on the statement of a legislative committee when it reported the bill.  It states:

> The Senate Labor, Industry and Professions Committee reports favorably Senate No. 3487.
>
>   This bill amends the current exemptions from the law which established the Motor Vehicle Franchise Committee to regulate the granting and relocation of motor vehicle franchises by franchisors.  The current exemption provides that a motor vehicle franchisor may permit an existing franchisee to relocate his franchise within two miles of its existing location without notifying other franchisees of the same line make in the relevant market area and providing them with an opportunity for a hearing on the relocation.  This bill limits such relocations to no more than one relocation every five years.  The bill also adds a *new exemption* that provides that a motor vehicles franchisor may permit the purchaser of a controlling interest in an existing franchise to relocate his franchise within two miles of its existing location within 180 days of the purchase date.
>
> [Emphasis added.]

The statement does not compel the adoption of AC's position.  In referring to a purchase relocation as a "new exemption" it tends to support the ALJ's construction of section 20.  In any event, it does not specifically address the issue; whether a subsection "c" relocation precludes a free move under subsection "a" within five years.  As previously indicated, however, the language in subsection a addresses the issue without ambiguity, because the five year limitation in subsection "a" does not apply to a subsection "c" move.

We are cognizant of the principle that "statutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as 'consonant to reason and good discretion.' " *Schierstead v. Brigantine*, 29 *N.J.* 220, 230, 148 *A.*2d 591 (1959) (citations omitted).  And "where a literal reading of the statute leads to absurd consequences, 'the court must restrain the words' and seek the true legislative intent." *Id.* at 231, 148 *A.*2d 591 (citing *In re Merrill* 88 *N.J. Eq.* 261, 102 *A.* 400 (Prerog.Ct.1917)).  Moreover, in construing a statute, we assume that the Legislature intended a reasonable approach, and the statute should be construed to effect a reasonable approach.  *Roman v. Sharper*, 53 *N.J.* 338, 341, 250 *A.*2d 745 (1969).

Those principles do not require that we sidestep the Act's language. We cannot conclude that application of the Act's language "violates standards of reasonableness or common sense, or leads to an absurd or anomalous result." *Essex Crane Rental Corp. v. Dir., Div. on Civil Rights*, 294 *N.J.Super.* 101, 107, 682 *A.*2d 750 (App.Div.1996).

Affirmed.