Elizabeth **CALLARI**

v.

**REHAU INCORPORATED.**

No. Civ.A. 98–1464(NHP).

United States District Court,
D. New Jersey.

June 30, 1998.

Laura J. Bogaards, Deutsch, Resnick, Green & Kiernan, Hackensack, NJ, for plaintiff.

Robert A. White, Morgan, Lewis & Bockius, Princeton, NJ, Richard G. Rosenblatt, Morgan, Lewis & Cockius, Philadelphia, PA, for defendant.

## OPINION

POLITAN, District Judge.

This matter comes before the Court on defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court heard oral argument in this matter on May 26, 1998. For the reasons explained more fully below, defendants motion is **DENIED**.

## DISCUSSION

### I. Standard of Review

When a court decides a 12(b)(6) motion, all allegations in the Complaint must be taken in the light most favorable to the non-moving party. *See ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994); *see also Gomez v. Toledo,* 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). If it is clear from the record that plaintiff has not alleged a cognizable claim as a matter of law or fails to allege sufficient facts to support the claim, then the complaint should be dismissed. *See Smilecare Dental Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 783 (9th Cir.), *cert. denied,* — U.S. —, 117 S.Ct. 583, 136 L.Ed.2d 513 (1996); *see also Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The purpose of Rule 12 is to allow trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed.Cir.1993).

### II. New Jersey Family Leave Act

At issue in this motion is the breadth of the New Jersey Family Leave Act's definition of "employer." Defendant contends that it is not an "employer" within the meaning of the Act because it does not employ fifty or more people within the State of New Jersey.

The relevant provision of the Family Leave Act, N.J.S.A. 34:11B-3(f), provides:

"Employer" means a person or corporation, partnership, individual proprietorship, joint venture, firm or company or other similar legal entity which engages the ser-

vices of an employee and which ... employs 50 or more employees for each working day....

The regulations promulgated pursuant to the statute provide that:

an "employer" shall mean an employer as defined in the Act which employs 50 or more employees, *whether employed in New Jersey or not.*

N.J.A.C. 13:14–1.2 (emphasis added). Defendant argues that the regulations are inconsistent with the legislature's intention to exempt from the Act all firms that employ fewer than 50 people within the State of New Jersey. *See Mayflower Securities v. Bureau of Securities*, 64 N.J. 85, 93, 312 A.2d 497 (1973) (court is not bound by executive agency's interpretation of a statute). Defendant thus asks this Court to pass upon the meaning of a New Jersey statute.

■■■ In construing a state statute, New Jersey courts seek to effectuate the legislative intent as expressed in the statute's language, and will not presume that the legislature intended something other than what is expressed by its plain language. *See In re Jamesburg High Sch. Closing*, 83 N.J. 540, 548, 416 A.2d 896 (1980). New Jersey courts will infer limitations only "where a literal reading of the statute leads to absurd consequences." *Schierstead v. City of Brigantine*, 29 N.J. 220, 231, 148 A.2d 591 (1959). When a federal court construes a New Jersey statute, however, it must first look to cases decided by the New Jersey Supreme Court, in an effort to predict how that court would decide the precise legal issues [presented in the federal litigation] .... In the absence of guidance from the state's highest court, [federal courts] are to consider the decisions of the state's highest intermediate appellate courts for assistance in predicting how the state's highest court would rule.

*Gares v. Willingboro Township*, 90 F.3d 720, 725 (3d Cir.1996).

■■■ This tenet of our federalism promotes the fair and uniform administration of justice, and it requires this Court to consider carefully New Jersey appellate decisions that bear on the question of state law presented in this motion. With this principle in mind, we must turn to *Essex Crane Rental Corp. v. Director, Division on Civil Rights*, 294 N.J.Super. 101, 682 A.2d 750 (App.Div.1996), where the Appellate Division addressed precisely the issue raised by defendant in this motion.

The defendant company in *Essex Crane* argued that it was not an "employer" within the meaning of the Family Leave Act because it employed fewer than 12 people in New Jersey, although it had a total of approximately 164 employees in six states. *See* 294 N.J.Super. at 104, 682 A.2d 750. After canvasing the relevant rules of statutory construction, the Appellate Division held:

Application of these principles does not mandate a judicial construction restricting the Act to employers with 50 or more New Jersey employees. We cannot conclude that counting all employees and not merely New Jersey employees violates standards of reasonableness or common sense, or leads to an absurd or anomalous result.

294 N.J.Super. at 106–07, 682 A.2d 750. Although the *Essex Crane* decision is not binding on this Court, it is nevertheless a persuasive indicator of how the Supreme Court would rule if confronted with the same issue.

Defendant contends that the *Essex Crane* court failed to adequately consider the political compromise struck by the New Jersey legislature: The Act exempted companies with fewer than 50 employees in an effort to provide a benefit to workers while accommodating the interests of small businesses that would be overly burdened by the Act's requirements. Defendant believes that the *Essex Crane* court ignored this compromise and adopted a construction of the Act that leads to absurd results.

Defendant thinks it absurd, for example, that a company with only one employee in New Jersey but with 49 in Tokyo would be subject to the Act, and contends that such a result would be inconsistent with the legislature's intent to exempt small employers from the Leave Act's requirements.[1]

---

1. Defendant has submitted letters from two New Jersey legislators who express their belief that the Act was intended to apply only to employers with 50 more employees within New Jersey.

Defendant's argument is not without force. Indeed, the *Essex Crane* court recognized that "policy reasons may exist to support a limitation on the Act's scope." 294 N.J.Super. at 106, 682 A.2d 750. However, defendant's example does not render the statute unreasonable. Moreover, the construction urged by defendant would not cure the statute's alleged defect. That is, limiting application of the Act to employers with 50 or more employees within New Jersey would not eliminate the anomalous results of which defendant complains. This is particularly true with respect to firms that have 50 or more employees distributed among several New Jersey facilities. Consider, for example, a New Jersey manufacturing company that employs 49 workers at its factory and maintains a separate sales office with only one or two employees.

The one-person sales office would be subject to the Family Leave Act, and the company could make the same objection raised by defendant in this motion: the New Jersey legislature intended to exempt small employers from the Act's requirements; this intention is promoted only if the "50 employee" provision is interpreted to exempt employers with fewer than 50 employees in a particular location—regardless of how many employees are located within the State of New Jersey. As the *Essex Crane* court recognized, there certainly are policy reasons that support the limitations defendant seeks this Court to infer. "That policy decision, however, must be made and expressed by the Legislature." 294 N.J.Super. at 106, 682 A.2d 750. This Court agrees that New Jersey's Family Leave Act might be improved by the limiting language defendant suggests. But the Act is nonetheless reasonable as it is currently written, and this Court must therefore decline to infer any limitations.

Finally, the Court must consider defendant's alternative ground for dismissing the Complaint. Defendant contends that plaintiff has not alleged that her leave was "necessary" within the meaning of the Leave Act. This Court has reviewed the pleadings and concludes that the allegations are sufficient to put defendant on notice of the claims that plaintiff intends to prove. Although the Complaint does not use the word "necessary," the Court finds it to be clearly implied by the other allegations. To the extent that the necessity of plaintiff's leave is not explicitly pleaded, and for the sake of procedural completeness, plaintiff is granted leave to file an amended Complaint within 20 days.

### CONCLUSION

For the reasons explained above, defendant's motion to dismiss the Complaint is **DENIED,** and plaintiff is granted 20 days to amend the Complaint to include an allegation that her leave was "necessary."

---

This Court has considered the letters but finds them to be of little value. The letters of two legislators are simply not probative of the collective intentions of the whole legislative body. Such post-enactment letters are even less weighty where, as here, they are offered to overcome the clear meaning and legal effect of a statute's plain language.