91 A.3d 1220

KATHLEEN A. DONOVAN, COUNTY EXECUTIVE OF BERGEN COUNTY AND EDWARD TRAWINSKI, COUNTY ADMINISTRATOR OF BERGEN COUNTY, PLAINTIFFS, v. BERGEN COUNTY BOARD OF CHOSEN FREEHOLDERS AND JOHN D. MITCHELL, FREEHOLDER CHAIRMAN, DEFENDANTS.

Superior Court of New Jersey
Law Division
Bergen County

Decided September 27, 2012.

*Thomas P. Scrivo* for plaintiffs (*McElroy, Deutsch, Mulvaney & Carpenter, LLP*, attorneys).

*Leonard E. Seaman, III* for defendants (*Law Offices of Richard Malagiere*, attorneys).

TOSKOS, J.S.C.

Plaintiffs, Kathleen Donovan, County Executive of Bergen County, and Edward Trawinski, County Administrator of Bergen County (collectively, "plaintiffs"), filed this action in lieu of prerogative writs against defendants, Bergen County Board of Chosen Freeholders ("Board") and Board Chairman, John D. Mitchell (collectively, "defendants"). This case presents two issues regarding the separation of powers between the county executive and board of freeholders in a county executive form of government. First, whether the county executive or the board of freeholders has the power to appoint the municipal accountant for the annual audit. Secondly, to what extent can a county executive's appointed designee participate in meetings of the Board.

On February 29, 2012, the Board held a meeting to create the agenda for the upcoming public meeting. During this meeting, Freeholder Felice requested that the question of appointing Steven Weilkotz of Ferraioli, Weilkotz, Cerulla & Cuva ("Weilkotz") as the municipal accountant for the county audit be placed on the agenda for the March 7, 2012 public meeting. Freeholder Hermansen stated that he would not consent to the appointment issue being placed on the agenda. In addition, Trawinski, attending the meeting as the designee of Donovan, also objected. After a

discussion, Chairman Mitchell stated that the Board would not place the municipal accountant appointment question on the agenda for March 7, 2012.

At the March 7, 2012 Board work session, Felice made a motion to place a resolution awarding the municipal audit contract to Weilkotz on the agenda for the public meeting that evening. Trawinski objected to the motion explaining that the appointment of a municipal accountant for the annual audit is the prerogative of the county executive. Mitchell refused to allow the Trawinski to continue to address the Board during the work session. In the end, the appointment of Weilkotz as municipal accountant was placed on the agenda for the March 7, 2012 public meeting as Resolution # 330–12 ("# 330").

At the public meeting later that evening, the Board raised the adoption of Resolution # 330. The Resolution provided that "the County of Bergen [shall] enter into an agreement with Steven D. Weilkotz, CPA ... to perform the services of annually auditing the books, accounts and financial transaction of the County of Bergen, pursuant to *N.J.S.A.* 40A:5–4 in accordance with their proposal...." Trawinski requested to be recognized to address the Board regarding Resolution # 330. Mitchell refused to recognize Trawinski, but allowed the freeholders to comment on the Resolution. Freeholders Ganz, Hermansen, and Driscoll objected to Chairman Mitchell silencing the County Administrator Trawinski. The Resolution was passed by a vote of four to three.

Plaintiffs filed an action in lieu of prerogative writs requesting an order: (a) invalidating Resolution # 330, which purports to appoint a municipal accountant for the annual audit; (b) declaring Bergen County Administrative Code Article 2.1(i) null and void; and (c) compelling the Board to permit the County Executive or her designee to fully participate in all Board meetings.

The Board filed a counterclaim seeking an order compelling Donovan to execute a contract with Weilkotz as approved by the Board in Resolution # 330. The Board also seeks a declaratory judgment that (a) the county executive does not have the right to

appoint a designee to exercise her statutory right to participate at Freeholder meetings and (b) that the participation of the county administrator at freeholder meetings be limited to responding to inquiries from the Board.

*Power to Appoint Municipal Accountant for Annual Audit*

 The Local Fiscal Affairs Law ("L.F.A.L."), *N.J.S.A.* 40A:5–1 to 50 requires that the governing body of each county appoint a registered municipal accountant to conduct an annual audit. Specifically, *N.J.S.A.* 40A:5–4 provides that:

> The governing body of every local unit shall cause an annual audit of its books, accounts and financial transactions to be made and completed within six months after the close of its fiscal year.
>
> . . . .
>
> The governing body of every local unit shall employ a registered municipal accountant of New Jersey to prepare its annual audit or it shall enter into an agreement with the Director of the Division of Local Government Services for an annual audit to be made by qualified employees of the division. . . .
>
> [*N.J.S.A.* 40A:5–4.]

While the L.F.A.L. does not define the term "governing body," the Bergen County Administrative Code provides that the Board has the power to appoint a municipal accountant. Article 2 of the code lists the powers of the freeholders and specifically Article 2.1(i) states that the Board shall

> [a]ppoint annually a registered municipal accountant of New Jersey to perform an independent audit of the County's books, accounts and financial transactions to perform such other services as the Board directs, specifically with regard to the review, modification, approval and operation of the budget; and to perform an independent financial, compliance, performance or operational audit of any agency of the County.

The Board contends that Article 2.1(i) is controlling and conforms to the legislative, investigative, and budget powers granted to a freeholder board by the Optional County Charter Act, *N.J.S.A.* 40:41A–1 to 149 ("Charter Act"). Donovan on the other hand argues that Article 2.1(i) is ultra vires and a limitation on the powers of the county executive in violation of the Charter Act.

The question becomes, under the L.F.A.L., who or what is the "governing body" that appoints a municipal accountant to conduct the annual audit for Bergen County.

Under the Charter Act, the term "governing body" is defined for purposes of the county executive form of government to "include both the board of freeholders and county executive." *N.J.S.A.* 40:41A–32(b). In addition, the Bergen County Administrative Code Art. 2.17(b)(3) and 3.6(a), (b) defines the governing body of Bergen County as the board of chosen freeholders and the executive. Nonetheless, the Charter Act requires that the term governing body as used in a statute be defined as the county executive or the freeholder board depending on whether the power to be exercised is administrative or legislative.

Under the Charter Act, all administrative and executive functions are assigned to the county executive. "For the purpose of the construction of all other applicable statutes, any and all administrative or executive functions heretofore assigned by general law to the board of freeholders shall be exercised by the county executive." *N.J.S.A.* 40:41A–32. The Charter Act goes on to provide that legislative and investigative authority is lodged with the freeholder board. The investigative power of the Board is described in *N.J.S.A.* 40:41A–86 as follows:

> Nothing in this act shall be construed to prohibit the board's inquiry into any act or problem of the county's administration. Any freeholder may require a report on any aspect of the government of the county at any time by making a written request to the head of the executive branch of county government. The board may, by majority vote of the whole number of its members, require the head of the executive branch to appear before the board sitting as a committee of the whole, and to bring before the board such records and reports, and such officials and employees of the county as the board shall deem necessary to insure clarification of the matter under study.
>
> The board further may, by majority vote of the whole number of its members, delegate any number of its members as an ad hoc committee to consult with the head of the executive branch to study any matter and to report to the board thereon.

The statute however limits these investigative powers so that their exercise does not conflict with the administrative powers of the county executive.

It is the intent of this act to confer on the board general legislative and investigative powers as are germane to the exercise of legislative powers, but to retain in the head of the executive branch full control over the county administration and over the administration of the county services provided for in this act. [*N.J.S.A.* 40:41A-86.]

The Board contends that selection of a municipal accountant is part of a board's investigative powers granted under *N.J.S.A.* 40:41A-86. Donovan disagrees and points to the repeal of a statute that had vested this appointment in the freeholder board. Initially, the New Jersey Legislature, in enacting the Charter Act in 1972, provided that freeholder boards conduct an annual audit: "The board of chosen freeholders shall provide annually for an independent audit of the accounts and other evidences of financial transactions of the county and of every county department, office and agency pursuant to law." *N.J.S.A.* 40:41A-141 [*L.* 1972, *c.* 154, § 141, eff. Sept. 19, 1972, repealed by *L.* 1975, *c.* 84, § 46, eff. May 5, 1975.] The Legislature repealed *N.J.S.A.* 40:41A-141 in 1975 and did not further amend the Charter Act to restore the power to the freeholder boards.

At oral argument the Board submitted the Statement to Assembly Bill No. 1287 which eventually became *L.* 1975, *c.* 86, the legislation that repealed *N.J.S.A.* 40:41A-141. The Freeholders point to section 15(b) of the Statement which reads: "(15) Section 46 repeals ... (b) sections 136–41 of the Optional County Charter Law, so that the budgetary processes under the several optimal forms will conform to the provisions of the Local Budget Law." On this cryptic statement, the Board argues that the repeal of *N.J.S.A.* 40:41A-141, which clearly gave the Board the power to provide for an audit, was meant to give the Board the power to appoint a municipal accountant to conduct the audit under the Local Budget Law. This bootstrap argument is based on the Local Budget Law definition of governing body as the "board of chosen freeholders." *N.J.S.A.* 40A:4-2. The court cannot agree with this convoluted argument. Rather it is the obvious that the court accepts. Under *N.J.S.A.* 40:41A-141, the Legislature gave the Board the sole power to conduct an audit. This power was taken

away when that statute was repealed by *L.* 1975, *c.* 86. The Legislature could have clearly retained that power in the Board, but did not. In further support of their position, the Board argued that it has the power to appoint its own counsel. Nonetheless, this power was clearly given to the Board in *L.* 1975, *c.* 86 where the Assembly Statement noted: "Section 13 gives the board of freeholders operating under the county executive plan, the sole power to appoint the clerk to the board and the county counsel;"

Yet the Legislature never restored the power to conduct the audit to the Board. In fact, it is reasonable for the court to conclude that by repealing *N.J.S.A.* 40:41A–141 the Legislature intended to remove from the Board the sole power to conduct the audit. Therefore, without a clear delineation of the appointment power from the Charter Act, the court must determine what is the "governing body" as that term is used in the L.F.A.L.

In distinguishing whether the appointment of a municipal accountant is administrative or legislative/investigative, this court looks to the opinion of Judge Feinberg in *Prunetti v. Mercer County Board of Chosen Freeholders,* 350 *N.J.Super.* 72, 794 *A.*2d 278 (Law Div.2001). It should be noted that the Bergen County Board of Chosen Freeholders intervened in *Prunetti* as amicus since the Bergen County Administrative Code had a similar provision to the Mercer County Code. The Bergen County Board of Freeholders opposed the Mercer County Executive's application to invalidate the Mercer County Code provision that delegated the power to appoint the registered municipal accountant to the freeholders. Following Judge Feinberg's decision, Bergen County appears to be the only county out of the five counties with similar provisions that did not amend their county code to comply with the *Prunetti* decision. Since this decision is the work of another equivalent New Jersey Superior Court, the Board is correct that it is not binding authority on this court. However, the court finds the reasoning and logic of the decision persuasive.

In *Prunetti,* the court considered whether the Mercer County Freeholder Board could appoint the registered municipal account-

ant required by the L.F.A.L. to conduct the annual audit. *Id.* at 99, 794 *A.*2d 278. As does the Bergen County Code, the Mercer County Administrative Code provided for the Freeholder Board to appoint a municipal accountant to conduct the annual audit. The Mercer County Executive challenged the legality of this provision.

Judge Feinberg examined the appointment powers of the county executive under the Charter Act, *N.J.S.A.* 40:41A–37b, which provides that "[t]he County Executive ... [w]ith the advice and consent of the board, shall appoint the county counsel, the administrator, the heads of all departments and any divisions created within such departments, and the members of all county boards, commissions and authorities." Judge Feinberg then went on to examine the fiscal responsibilities, duties, and powers of the county executive. Citing *N.J.S.A.* 40:41A–36, Judge Feinberg noted that the county executive is required to

(b) Prepare and submit to the board for its consideration and adoption an annual operating budget and a capital budget, establish the schedules and procedures to be followed by all county departments, offices and agencies in connection therewith, and supervise and administer all phases of the budgetary process.

. . .

(e) Supervise the collection of revenues, audit and control all disbursements and expenditures and prepare a complete account of all expenditures.

. . .

(g) Review, analyze and forecast trends of county services and finance programs of all boards, commissions and agencies and other county bodies, and report and recommend thereon to the board.

(h) Develop, install and maintain centralized budgeting, personnel and purchasing procedures as may be authorized by the administrative code.

[*N.J.S.A.* 40:41A–36(b), (e), (g), and (h).]

Contrary to the expansive authority granted to the county executive, the fiscal and budgetary duties of the Board is limited to the approval of contracts presented by the county executive, as set forth in *N.J.S.A.* 40:41A–38(n), and the approval of the annual operating and capital budgets, according to *N.J.S.A.* 40:41A–41(g).

Judge Feinberg found that these statutory provisions "establish a clear and specific legislative intent to vest with the County Executive the authority to appoint the registered municipal ac-

countant." *Prunetti, supra,* 350 *N.J.Super.* at 101–02, 794 *A.*2d 278. As a result, the court found that the Mercer County Administrative Code provision granting the freeholder board the power to appoint the municipal accountant was void.

This court finds convincing the rationale of *Prunetti.* In contrast to the power of the county executive to make appointments, enter into contracts and propose budgets, the Charter Act limits the participation of the Board to approving contracts (*N.J.S.A.* 40:41A–38(n)) and budgets presented by the county executive *N.J.S.A.* 40:41A–36b and 40:41A–41(g)).

Furthermore, Judge Feinberg decided that the authority to appoint a registered municipal accountant for the county audit was an administrative function granted to the county executive under the Charter Act. Examining *Shapiro v. Essex County Freeholders Board,* 177 *N.J.Super.* 87, 424 *A.*2d 1203 (Law Div.1980), *aff'd,* 183 *N.J.Super.* 24, 443 *A.*2d 219 (App.Div.), *aff'd,* 91 *N.J.* 430, 453 *A.*2d 158 (1982), Judge Feinberg applied the test used in *Shapiro* to distinguish between administrative and legislative functions. The court in *Shapiro* held:

> Matters of a permanent or general character are considered legislative, while acts which are temporary or routine are considered to be administrative. An act which states a rule of conduct or a course of policy is purely legislative in character. Acts performed by an executive to effectuate policies of the Legislature are considered administrative in nature.
>
> [*Shapiro, supra,* 177 *N.J.Super.* at 95, 424 *A.*2d 1203.]

Judge Feinberg found and this court agrees that the annual appointment of a registered accountant for a county audit is considered a temporary or routine act that is administrative.

The Board cites to the appointment of a state auditor by the New Jersey Legislature as evidence that audits are a legislative function. The state auditor is appointed by the Legislature under *N.J.S.A.* 52:24–2 and the Office of the State Auditor is placed within the legislative branch of the state government. *N.J.S.A.* 52:24–3. However, the appointment of a state auditor is a considerably more permanent appointment then the appointment of a municipal accountant to conduct an annual audit. The state

auditor, under *N.J.S.A.* 52:24–3, is part of the Office of Legislative Services. The state auditor "shall devote his entire time to the duties of his office and shall receive annual compensation...." *N.J.S.A.* 52:24–3. In essence, the state auditor is an employee of the State Legislature. A municipal accountant on the other hand is an independent contractor hired to perform one job. Clearly, the Board's attempts to analogize the appointment of the municipal accountant to the state auditor are misplaced.

The various freeholder boards in *Prunetti* argued, as does the Board in this matter, that the power to appoint an accountant is legislative, derived from statutory power to investigate granted to a freeholder board. Notwithstanding that the Board must approve the accountant chosen by the county executive, the Board argues that the accountant may be manipulated by the county executive. The Board's concerns do not require that the accountant be appointed by the Board. These fears can be addressed through the investigative powers granted to the Board under *N.J.S.A.* 40:41A–86. This investigative power provides the necessary checks and balances envisioned in the county executive form of government, but does not serve to usurp the administrative power to appoint the accountant.

The Charter Act divides the powers of county government, giving the county executive the administrative powers and the Board legislative and investigative powers. The Charter Act provides that the county executive with the advice and consent of the Board has the power to appoint various staff members including "the county counsel, the administrator, the heads of all departments and any divisions created within such departments, and the members of all county boards, commissions and authorities." *N.J.S.A.* 40:41A–37b. The county executive is also granted substantial duties regarding the financial management of the county and the ability to negotiate county contracts. *N.J.S.A.* 40:41A–36; *N.J.S.A.* 40:41A–37. Thus, it is apparent from this legislative scheme that the appointment of the municipal accountant under the L.F.A.L. is an executive and administrative function of the

county executive. Under the Charter Act, the contract must be presented to the Board for approval. The Board is free to reasonably exercise its discretion to accept or reject the contract. It may not, however, exercise the appointment power of the county executive.

County administrative code provisions that do not conform with the enabling legislation are not valid. For all reasons discussed above, *Resolution # 330* and *Bergen County Administrative Code,* Art. 2.1(i) are null and void.

*Right of County Executive or Designee to Participate in Board Meeting*

■ The Charter Act provides that "[t]he county executive may be present and participate in discussions at all board meetings." *N.J.S.A.* 40:41A-40. Both the County Executive and Board present different meanings for this statute.

The Bergen County Administrative Code, Article 2.17(b)(3) instructs:

Executive Appearances.... The Executive shall have the right to be present and participate in discussions at all Board meetings without the right to vote. The Executive shall appoint the Administrator or a comparable senior administrative official who shall be present at all Board meetings unless otherwise directed by the Board and shall be qualified to provide a constant and effective communications link between the Executive and the Board.

Similarly, the Administrative Code states:

3.6 Presence At Board Meetings

a. The Executive shall have the right to be present and participate in discussions at all Board meetings without the right to vote.

b. The Executive shall appoint the Administrator or a comparable senior administrative official who shall be present at all Board meetings, unless otherwise directed by the Board, and shall be qualified to provide a constant and effective communication link between the Executive and the Board.

The County Executive argues that under the statute and code, the county executive can designate the county administrator or a comparable administrative official to act in lieu of the county executive. Therefore, it is argued that the county executive's designee attending a meeting can under *N.J.S.A.* 40:41A-40, "be

present and participate in discussions at all Board meetings without the right to vote."

The Board argues that the statute is clear on its face, only the county executive herself may be present and participate in Board meetings. The Legislature did not give the county executive the power to designate another administrative official to participate in Board meetings. Furthermore, the Board notes the Administrative Code does not give the county executive power to designate a replacement. Rather Articles 2.17(b)3 and 3.6 require the county executive to appoint, not a replacement but a representative. The purpose of these code provisions is to have an official from the executive branch at Board meetings to respond to questions and transmit Board concerns to the county executive.

The judicial role in interpreting a statute is to ascribe a meaning that will "effectuate the legislative intent in light of the language used and the objects sought to be achieved." *State v. Hoffman*, 149 *N.J.* 564, 578, 695 *A.*2d 236 (1997). The New Jersey Supreme Court in *McGovern v. Rutgers*, 211 *N.J.* 94, 108, 47 *A.*3d 724 (2012), examined how the court should determine statutory intent. First, " 'we look . . . to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen.' " "In looking at that language, we give it its ordinary meaning". *Govern, supra*, 211 *N.J.* at 108, 47 *A.*3d 724 (citing *D'Annunzio v. Prudential Ins. Co. of America*, 192 *N.J.* 110, 119–20, 927 *A.*2d 113 (2007)). "If the language is clear, our task is to apply that language to the situation that confronts us." *Ibid.* (citing *State v. Shelley*, 205 *N.J.* 320, 323, 15 *A.*3d 818 (2011)).

The Charter Act provides a statutory right for the county executive to be present and participate at board meetings. This statutory right cannot be diminished or limited by the County Code or Robert's Rules. The right of the county executive to be present is not a requirement that the county executive be present at board meetings. The Board concedes this point and made it clear that it is not trying to diminish the role of the county

executive to participate in Board meetings. The County Code follows the Charter Act and provides the county executive the right to be present and participate at board meetings to the same extent as a freeholder without the right to vote.

The appointment of an administrator or other county official to attend board meetings is not a designation for the appointee to stand in the place of the county executive. The Charter Act provides the county executive with the right to be present and participate in board meetings. The statute does not provide the county executive with the power to designate an administrative official to act in place of the county executive at board meetings.

The provisions of the County Code require that the county administrator or a comparable senior official be present at board meetings "unless otherwise directed by the Board." Art. 3.6(b). It is reasonable to infer that the administrator or other county official is there as the link between the board and the executive. The administrator or other county official is not there to participate like the freeholders in board meetings in lieu of the county executive. They are a communications link that could help the board with information and inquiries requiring the attention of the executive or handle requests that the executive department must fulfill. In addition, under the Administrative Code provisions, the board can direct the administrator to not come to a meeting. The board does not have that same power to direct the county executive to not attend or participate in a board meeting. This analysis supports the construction of the statute that only the county executive and not her designees can participate in freeholder meetings. This interpretation would be consistent in having a deliberative body that consists of all elected officials. Further evidence that this was the intent of the Legislature can be found by the absence of the words "or designee of the County Executive" in *N.J.S.A.* 40:41A–40. The Legislature has amended its laws to provide such a power. The Municipal Land Use Law was enacted in 1977 and provided that the Mayor was a Class I

member of the Planning Board. *N.J.S.A.* 40:55D–23 was amended in 1994 to include "or the Mayor's designee. . . ."

The county executive, and not her designee, has the statutory right under *N.J.S.A.* 40:4A–40 to attend and participate in board meetings. Under the County Code, the county executive shall appoint the administrator or another official to attend board meetings unless the board directs them not to attend. The county executive's appointee may not participate in board meetings in place of the county executive. The appointee shall be a communication link between the executive and the board.

Statutes are required to be construed in a manner that is reasonable. *Strasenburgh v. Straubmuller,* 146 *N.J.* 527, 541–42, 683 *A.*2d 818 (1996). A reasonable interpretation of the statute and administrative code provisions would allow the county executive, an elected official, at her direction to fully (except for voting) participate with other elected officials in freeholder meetings. The board cannot require the county executive to attend nor can it prevent her from attending. The county administrator or a comparable unelected official is required to be at all freeholder meetings unless directed by the board not to attend with the purpose being to provide an "effective communication link" between the two branches of county government.

Therefore, this court will enter a declaratory judgment in favor of the Board declaring that only the County Executive, not her designee, has the right to participate in freeholder meetings under *N.J.S.A.* 40:41A–40.