91 A.3d 27

KATHLEEN A. DONOVAN, COUNTY EXECUTIVE OF BERGEN COUNTY, AND EDWARD TRAWINSKI, COUNTY ADMINISTRATOR OF BERGEN COUNTY, PLAINTIFFS–RESPONDENTS, v. BERGEN COUNTY BOARD OF CHOSEN FREEHOLDERS, AND JOHN D. MITCHELL, FREEHOLDER CHAIRMAN, DEFENDANTS–APPELLANTS.

KATHLEEN A. DONOVAN, COUNTY EXECUTIVE OF BERGEN COUNTY, AND EDWARD TRAWINSKI, COUNTY ADMINISTRATOR OF BERGEN COUNTY, PLAINTIFFS–APPELLANTS, v. BERGEN COUNTY BOARD OF CHOSEN FREEHOLDERS, AND JOHN D. MITCHELL, FREEHOLDER CHAIRMAN, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 13, 2014—Decided May 30, 2014.

Before Judges REISNER, OSTRER and CARROLL.

*Richard Malagiere* argued the cause for Bergen County Board of Chosen Freeholders and John D. Mitchell, Freeholder Chairman, appellants in Docket No. A–1117–12 and respondents in Docket No. A–1362–12 (*The Law Offices of Richard Malagiere,*

attorneys; *Mr. Malagiere,* of counsel and on the briefs; *Leonard E. Seaman, III* and *Joseph P. Kreoll,* on the briefs).

*Thomas P. Scrivo* argued the cause for Kathleen A. Donovan, County Executive of Bergen County, and Edward Trawinski, County Administrator of Bergen County, respondents in Docket No. A–1117–12 and appellants in Docket No. A–1362–12 (*McElroy, Deutsch, Mulvaney & Carpenter,* attorneys; *Mr. Scrivo,* of counsel; *James J. DiGiulio* and *Lawrence S. Cutalo,* on the brief).

The opinion of the court was delivered by

CARROLL, J.S.C. (temporarily assigned).

These consolidated appeals involve the statutory roles of the County Executive and the County Board of Chosen Freeholders (Board or Freeholders) under the county executive form of government. Specifically, we review (1) whether the County Executive, or the Board of Freeholders, has the authority to hire the county's auditor, and (2) whether the County Executive may appoint a designee to participate in Board meetings on his/her behalf.

The facts are undisputed and are more fully set forth in the trial court's comprehensive written opinion. As background, we note that, "[u]ntil 1972, all of New Jersey's [twenty-one] county governments operated under a form of government that had not changed significantly since 1798." 34 *N.J. Practice, Local Gov't Law* § 5.23, at 143 (Michael A. Pane, Jr.) (4th ed.2007). *See also State of N.J. Cnty. & Mun. Gov't Study Comm'n, Second Report, Cnty. Gov't: Challenge & Change,* at 19 (April 28, 1969) (*Musto Report* ) ("In many important respects, the structure, powers and fiscal responsibilities of county government have not changed in 200 years; they have just grown astronomically.").

In 1972, the Legislature adopted the Optional County Charter Law (Charter Law), *N.J.S.A.* 40:41A–1 to –149, that allows counties to select from a variety of forms of government, including the county executive plan, the county manager plan, the county super-

visor plan, and the board president plan. *See Prunetti v. Mercer Cnty. Bd. of Chosen Freeholders*, 350 *N.J.Super.* 72, 84–86, 794 *A.2d* 278 (Law Div.2001) (discussing history of the Charter Law). Bergen County adopted the county executive form of government in 1986.

Each county operating under the county executive form of government "shall be governed by an elected board of freeholders and an elected county executive and by such other officers and employees as may be duly appointed pursuant to this act, general law, or ordinance." *N.J.S.A.* 40:41A–32(a). Moreover, "[i]n each county operating under this article, the term 'governing body' of the county shall be construed to include both the board of freeholders and the county executive." *N.J.S.A.* 40:41A–32(b). And "[f]or the purpose of the construction of all other applicable statutes, any and all administrative or executive functions ... shall be exercised by the county executive, and any and all legislative and investigative functions ... shall be exercised by the board," in accordance with the separation of powers provided for under the Charter Law. *N.J.S.A.* 40:41A–32(b).

Since 1986, the Bergen County Freeholders appointed the county auditor, pursuant to Article 2.1(i) of the Bergen County Administrative Code (Administrative Code), which vests such authority in the Freeholders. However, in 2011, the Bergen County Executive, Kathleen Donovan, objected to the Freeholders' appointment of the auditor, and an agreement was worked out whereby they shared responsibility for the appointment.

The dispute over who possesses the power to appoint the auditor recurred in 2012. At a Freeholders meeting on March 7, 2012, the Board adopted resolution 330–12, appointing Steven D. Weilowitz, C.P.A., as county auditor. The meeting was attended by the Bergen County Administrator, Edward Trawinski. Only Freeholders, and not Trawinski, were permitted to comment on the proposed resolution at the public portion of the meeting.

Consequently, Donovan and Trawinski commenced an action in lieu of prerogative writs, seeking a declaratory judgment as to the

County Executive's right to appoint the county auditor, and to invalidate resolution 330–12 and Article 2.1(i) of the Administrative Code. In response, the Freeholders sought to compel Donovan to execute the contract with Weilowitz, and a declaratory judgment that the County Executive was not permitted to appoint a designee to exercise her right under the Charter Law to be present and participate in Board meetings.

Construing the Charter Law and the Local Fiscal Affairs Law (LFAL), *N.J.S.A.* 40A:5–1 to –42, and in accord with *Prunetti, supra,* Judge Menelaos Toskos ruled that the County Executive has the authority to appoint the auditor, and that resolution 330–12 and Administrative Code Article 2.1(i) were both invalid. In his cogent and thoughtful written opinion, Judge Toskos further held that the Charter Law's provision allowing a county executive to be present and participate in discussions at all Board meetings, *N.J.S.A.* 40:41A–40, did not allow a county executive to appoint a designee for such purpose. The court memorialized its findings in a declaratory judgment entered on September 27, 2012, from which both Donovan and the Board each separately appeal.

Since the issues presented are those of statutory interpretation, our review is de novo. *Murray v. Plainfield Rescue Squad,* 210 *N.J.* 581, 584, 46 *A.*3d 1262 (2012); *Zabilowicz v. Kelsey,* 200 *N.J.* 507, 512–13, 984 *A.*2d 872 (2009). Judge Toskos correctly applied well-established principles of statutory construction, and his legal conclusions are unassailable. The judgment is affirmed, substantially for the reasons expressed in Judge Toskos' opinion, reported at 436 *N.J.Super.* 91, 91 *A.*3d 1220, 2012 *WL* 10891165 (Law Div.2012).

Affirmed.