**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5080-16T1

WILLIAM LANDRE,

     Plaintiff-Appellant,

v.

LAURA LANDRE,

     Defendant-Respondent.

_____

        Argued September 18, 2018 - Decided November 19, 2018

        Before Judges Ostrer and Mayer.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0321-02.

        Lisa K. Eastwood argued the cause for appellant (Eastwood, Scandariato & Steinberg, attorneys; Lisa K. Eastwood, of counsel and on the briefs).

        Laura Landre, respondent, argued the cause pro se.

PER CURIAM

Plaintiff appeals from a May 26, 2017 Family Part order granting defendant's motion to enforce a Matrimonial Settlement Agreement (MSA) and denying, without prejudice, plaintiff's motion to reduce child support. We reverse and remand.

Plaintiff and defendant have two children. They divorced in 2002. The MSA, incorporated into the parties' judgment of divorce, addressed college expenses for the children. The MSA contemplated both parents would be involved in the college selection process and established the parties' contribution to college expenses would be calculated on a pro rata basis.

Defendant filed a motion to enforce the MSA regarding the calculation of the parties' pro rata income percentage for contributing to their oldest child's college expenses. Plaintiff opposed defendant's motion and cross-moved for a reduction in child support.

The MSA established the following regarding the payment of college expenses:

> The parties recognize their obligation to contribute to the cost of their children's post-high school education should the child demonstrate an aptitude for and an interest in same. The parties shall consult in advance with regard to post-high school education for their children. During the child's senior year in high school, the parties shall communicate, in writing, concerning the child's choices for post-high school education. In

the event that either party does not approve of any institution to which the child seeks to make application, such disapproval shall be given in writing, with the reasons set forth, 30 days prior to the application deadline. If such disapproval is not set forth in writing, with the accompanying specific reasons for such disapproval, then there shall be a presumption that both parents agree to contribute to the cost of any and all institutions to which the child applies and is accepted, according to the terms of this Agreement. In no event, however, shall either party act in such an unreasonable manner as to prohibit the child from applying to any such institution.

The parties shall contribute to the cost of the child's post high school education on a pro rata basis, in accordance with their respective earned and unearned incomes at the time the child is accepted into the institution. The parties' obligation to contribute to the cost of post high school education shall apply only after exhausting all loans, grants, scholarships, the value of the UGTMA accounts that then exist for the benefit of the children, and any other sources of financial aid to which a child might be entitled.

In opposition to defendant's motion to enforce the MSA regarding the oldest child's college expenses, plaintiff argued defendant did not include him in the child's college selection process. Plaintiff contended the oldest child failed to inform him of her decision to apply to Georgetown University and the scholarship offers and financial aid she received from George Washington University and Seton Hall University. In addition, plaintiff argued the MSA requires parental contribution only after all loans, grants, and scholarships have

3

been exhausted. According to plaintiff's interpretation of the MSA, the oldest child was required to accept the tuition assistance or financial aid from George Washington or Seton Hall, and attend one of those two schools. If she did not accept either offer, plaintiff claimed he should be given credit in the amount of the assistance offered by those schools.

The judge held he was "not making a decision about which school the child should attend," and limited his decision to the percentage contribution of each parent for college expenses. The judge determined

> [i]t is undisputed that each [party] anticipated contribution toward the expense, and hence, the court is not undertaking a determination of whether contribution is warranted in the first instance. That evaluation, or a decision based on Newburgh[1] factors, is not before the court. The court may take certain principles in Newburgh into consideration in making the determination herein, but the question of whether a parent should be compelled to contribute requiring application of the factors within that case is not before this court.

The judge found, "the parties' agreement requires the parties to consult with one another regarding the children's choices of schools. . . . The entirety of [the college expense] paragraph within the [MSA] providing for both consultation and consent/objection indicates the parties contemplated the

---

[1] Newburgh v. Arrigo, 88 N.J. 529 (1982).

parental involvement and consent as a factor in the determination of each parent's extent of contribution." Because the judge concluded plaintiff was unaware of the oldest child's college choice until she submitted the application to Georgetown, he determined plaintiff was not given "an opportunity to be involved with the decision of [Georgetown] as a possible selection. Although he voiced his objection, and reasons for same, upon the notification of the choice[,] [h]is position was disregarded and he was seen as the pocket from which the cost would be taken."

In deciding the appropriate pro rata share for college expenses, the judge considered the relationship between the child and parent, the child's attempts to have the paying parent involved in the college selection process and the college experience, the parental ability to pay, the financial assistance toward the college cost, and other financial resources. The judge also reviewed the parties' current case information statements. In addition, the judge considered that "another child will be entering college in the near future."

Based on this information, the judge found plaintiff's pro rata contribution for the oldest child's college costs was seventy-five percent. Defendant was responsible for the remaining twenty-five percent of the college costs.

A-5080-16T1

On plaintiff's motion to reduce child support based on the oldest child attending college, the judge stated, "[w]hile the court notes a child leaving for college constitutes a change in circumstances warranting an examination of the child support, [p]laintiff's request is being made four (4) months before the asserted change in circumstances." Because the judge was uncertain as to the oldest child's financial needs once she began college in the fall, he denied plaintiff's motion to reduce child support.

Plaintiff appeals from the May 26, 2017 order.[2] On appeal, plaintiff argues the judge failed to enforce the provision in the MSA requiring plaintiff's inclusion in the college selection process, erred in the interpretation of the MSA, failed to conduct an evidentiary hearing, and failed to develop a college plan

---

[2] Plaintiff's notice of appeal lists only the May 26, 2017 order. The July 21, 2017 order is not mentioned in plaintiff's notice of appeal or plaintiff's case information statement. Rule 2:5-1(f)(3)(A) provides, "[i]n civil actions the notice of appeal . . . shall designate the judgment, decision, action or rule, or part thereof appealed from . . . ." "[I]t is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1 (2018); see, e.g., Campagna ex rel. Greco v. American Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider an order not listed in the notice of appeal). Thus, we limit our review to the May 26, 2017 order.

that considered the parties' younger child would eventually be attending college at the same time as the older child.

Generally, findings by trial courts are binding on appeal when supported by "adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). We "should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant, and reasonably credible evidence as to offend the interests of justice" or when the court has palpably abused its discretion. Id. at 412 (citation omitted). Additionally, since the Family Part has special expertise in family matters, fact-finding by family part judges should be accorded deference on appeal. Id. at 413.

The obligation of a parent and the right of a child to support may give rise to "the duty to assure children of a college and even of a postgraduate education . . . ." Newburgh, 88 N.J. at 544. A parent's obligation for the cost of post-secondary education depends upon the expectations and relevant abilities of the child and the parents considering all relevant factors, including:

> (1) whether the parent, if still living with the child, would have contributed toward the costs of the requested higher education; (2) the effect of the background, values and goals of the parent on the reasonableness of the expectation of the child for higher education; (3) the amount of the contribution sought by

the child for the cost of higher education; (4) the ability of the parent to pay that cost; (5) the relationship of the requested contribution to the kind of school or course of study sought by the child; (6) the financial resources of both parents; (7) the commitment to and aptitude of the child for the requested education; (8) the financial resources of the child, including assets owned individually or held in custodianship or trust; (9) the ability of the child to earn income during the school year or on vacation; (10) the availability of financial aid in the form of college grants and loans; (11) the child's relationship to the paying parent, including mutual affection and shared goals as well as responsiveness to parental advice and guidance; and (12) the relationship of the education requested to any prior training and to the overall long-range goals of the child.

[Id. at 545.]

Courts have required application of the Newburgh factors even where the property settlement agreement or judgment of divorce addressed college contributions. See Gotlib v. Gotlib, 399 N.J. Super. 295, 310-11 (App. Div. 2008). When making a decision regarding the obligation of a parent to contribute to college expenses, "the judge has 'an obligation under Newburgh and N.J.S.A. 2A:34-23(a) to consider all the enumerated factors'" and should not base its decision on any single factor. Gotlib, 399 N.J. Super. at 309 (quoting Raynor v. Raynor, 319 N.J. Super. 591, 617 (App. Div. 1999)).

In Gac v. Gac, the Court held a key consideration in resolving college educational expenses is whether the non-custodial parent played a significant

8

role in the child's college or post-college decision-making, before or as the tuition and other school-related expenses accrued. 186 N.J. 535, 546-47 (2006). A parent seeking the other parent's contribution toward college expenses should file a motion to obtain such relief prior to incurring the expenses. Id. at 547. The failure to do so will "weigh heavily" against the granting of relief. Ibid.

Participation by both parents in the college selection process is required by the MSA, and should be considered in weighing the obligation to pay for college expenses. As a result of the judge's failure to apply the Newburgh factors, we are constrained to remand the issue of plaintiff's obligation to contribute toward the oldest child's college expenses.[3]

Plaintiff also argues the judge erred in interpreting the MSA. Specifically, plaintiff contends the judge's decision did not factor in the scholarship offers by other schools, and the child's rejection of schools offering financial aid without plaintiff's input.

There is a "'strong public policy favoring stability of arrangements' in matrimonial matters." Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)

---

[3] We note that the May 26, 2017 order only addressed the parties' contribution toward the oldest child's college expenses for the first year of college. The parties may wish to consider expanding the issues on remand to include the payment of future college expenses for both children.

(quoting Smith v. Smith, 72 N.J. 350, 360 (1977)). Matrimonial settlement agreements are "governed by basic contract principles." Quinn v. Quinn, 225 N.J. 34, 45 (2016), "Fair and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed." Id. at 44 (quoting Konzelman, 158 N.J. at 193-94). Settlement agreements in matrimonial cases are contracts that should be enforced as long as they are fair and just. Petersen v. Petersen, 85 N.J. 638, 642 (1981). In interpreting matrimonial settlement agreements, we "should not rewrite a contract or grant a better deal than that for which the parties expressly bargained," and we must "discern and implement the intentions of the parties." Quinn, 225 N.J. at 45.

Plaintiff contends the MSA specifies his payment obligation toward the oldest child's college expenses is to be calculated after a reduction of the scholarship offers and financial aid received from George Washington or Seton Hall, even though the child elected not to attend those educational institutions.

Plaintiff's interpretation of the MSA is flawed. The MSA does not require scholarships or financial aid from other schools be considered in determining plaintiff's contribution to college expenses. The MSA requires that the child accept all "loans, grants, scholarships," and "any other sources of financial aid" at the school he or she decides to attend.

A-5080-16T1

That is not to say the family part judge on remand should not consider plaintiff's obligation in light of the oldest child's unilateral decision to attend Georgetown, rather than George Washington or Seton Hall.[4]  Both non-selected schools offered the oldest child significant financial assistance.  The financial aid offered by these schools should be considered on remand as a factor in determining plaintiff's contribution toward the oldest child's college expenses.

While Newburgh sets forth factors to be considered in determining contribution toward college costs, there are additional equitable considerations that may be taken into account.  One such consideration is whether there are younger siblings of relatively close age who are likely to attend college at the same time as the older sibling.  In such circumstance, the family court may consider a reasonable financial plan which fairly allocates present and future funding resources among all of the children, rather than exhausting all resources on the oldest child who happens to attend college first.  Black, 436 N.J. Super.

---

[4]  The judge should also consider "the potential availability of colleges and universities which are significantly less expensive, and thus more reasonably affordable for some parents, than a student's school of 'top choice.'"  Black v. Black, 436 N.J. Super. 130, 148 (Ch. Div. 2013).  As the judge found in Black, "[e]ven when parents have previously stipulated to contribute to a child's college tuition, there must logically be consideration of all potential options, including schools which are potentially less expensive and more reasonably affordable beyond the child's school of first choice."  Id. at 149.

A-5080-16T1

at 134.  On remand, in analyzing the resources of the parents and the amount they can pay toward the oldest child's education, it is appropriate for the judge to consider the parties will likely need funds available in the immediate future to pay college expenses for both children simultaneously.

Lastly, based upon the conflicting affidavits submitted by the parties regarding plaintiff's involvement in the college section process, plaintiff argues the judge was required to conduct a plenary hearing.  Not every dispute in a matrimonial matter requires a plenary hearing.  Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995) (citing Adler v. Adler, 229 N.J. Super. 496, 500 (App. Div. 1988)).  In this case, a plenary hearing may have aided the judge in resolving the parties' factual disputes, including plaintiff's relationship with the oldest child and the efforts, if any, by defendant or the oldest child to include plaintiff in the college selection and decision-making process.  However, we take no position on whether a plenary hearing is required on remand.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5080-16T1