599 A.2d 554

MIDDLESEX COUNTY HEALTH DEPARTMENT, PLAINTIFF–AP-PELLANT/CROSS–RESPONDENT, v. BROWNING FERRIS IN-DUSTRIES OF ELIZABETH, NJ, INC., MIDCO WASTE SYS-TEMS AND UNITED SERVICE DISPOSAL, DEFENDANTS–RE-SPONDENTS/CROSS/APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 22, 1991—Decided November 22, 1991.

[3]We are advised by defendants that "A.R. 600–110 has been modified by a subsequent National Guard Bureau Policy statement NGB–AD–PD–90–0027," and now provides that persons testing positive may be assigned to nondeploya-ble slots, "*i.e.*, positions which will not result in being sent overseas in the event of war, if such positions are available." Defendants also assert that the Guard has several times "offered the plaintiff reinstatement in a nondeployable slot ... but he has not sought reinstatement." We expect, based on these represen-tations, that plaintiff may through administrative action obtain reinstatement.

Before ANTELL, LONG and THOMAS, JJ.

*Florence J. Lotrowski,* Deputy County Counsel argued the cause for appellants/cross-respondents (*John J. Hoagland,* Middlesex County Counsel, attorney).

*Arthur R. Kobin* argued the cause for respondent/cross-appellant (*Kobin, Litwin & Wolff,* attorneys); *Arthur R. Kobin,* of counsel; *Arthur R. Kobin* and *Albert E. Cruz,* on the brief.

*Patrick J. Diegnan, Jr.,* argued the cause for respondent, United Service Disposal.

*Alice B. Cesaretti,* Deputy Attorney General, argued the cause for the Department of Environmental Protection, *amicus curiae* (*Robert J. Del Tufo,* Attorney General of New Jersey; *Michael R. Clancy,* Deputy Attorney General, of counsel and *Nancy B. Stiles,* Deputy Attorney General, on the brief).

The opinion of the Court was delivered by

THOMAS, J.S.C., (temporarily assigned).

This appeal requires us to interpret a section of the Solid Waste Management Act, *N.J.S.A.* 13:1E–9f, to determine if civil actions to impose fines for violations of the act may be brought in the Municipal Court in addition to the Superior Court. We conclude they can and reverse.

On September 15, 1988, Middlesex County adopted a recycling program by amendment to its Solid Waste Management Plan. The plan was adopted pursuant to the Solid Waste Management Act (*N.J.S.A.* 13:1E–1 *et seq.*), which established a statutory framework to coordinate the collection, disposal and utilization activity of solid waste within the state.

On October 28, 1988, the recycling plan was approved by the Commissioner of the Department of Environmental Protection. The plan was approved, "effective immediately", but the Commissioner directed the County to make minor modifications, as contemplated under *N.J.S.A.* 13:1E–24.

One of the modifications directed county health inspectors to make visual inspections of the unloading of waste transport vehicles. The inspectors were to determine if the loads consisted of 20% or more of designated recyclables. If so, enforcement procedures were to be implemented. The county failed to formally amend its recycling plan to include the modifications. Nevertheless, the County complied with the modification in actual practice and did inspect the unloading of transport trucks.

On August 16, 1989, the Middlesex County Health Department issued a "Notice of Violation" and "Penalty Assessment Notice" to defendant Browning–Ferris Industries (BFI). BFI, a licensed waste hauler, allegedly discharged a load containing 25% mandated recyclables into the Edison Municipal Landfill on August 11, 1989. BFI failed to pay the assessed $100.00 penalty within 15 days. After giving defendant notice of a number of violations, plaintiff finally brought an action in the Municipal Court of the Township of Edison against BFI for

violation of the Middlesex County Solid Waste Management Plan, as amended.

BFI moved to dismiss the summons, claiming the Superior Court alone had jurisdiction to hear the complaint and that the Middlesex County Recycling Plan (MCRP) was invalid. The municipal court agreed it did not have jurisdiction and granted BFI's motion. The municipal court also found the MCRP was invalid because it had never been formally adopted by the County Freeholders.

On Middlesex County's appeal to the Law Division, that court upheld the dismissal concurring that municipal courts lack jurisdiction under the statute to hear cases. The Law Division disagreed with the municipal court's invalidation of the MCRP and held the plan was valid and enforceable.

Middlesex County appealed the ruling that the municipal court lacked jurisdiction to conduct plenary hearings under the statute. The State joined as *amicus curiae*. BFI cross-appealed, challenging the validity of the MCRP.

The Solid Waste Management Act was adopted in 1970. The predecessor to the section forming the basis of the present controversy was *N.J.S.A.* 13:1E–9c. It read:

> Any person who violates the provisions of this act or any code, rule or regulation promulgated pursuant to this act shall be liable to a penalty of not more than $3,000.00 per day to be collected in a civil action commenced by a local board of health or the commissioner by a summary proceeding under The Penalty Enforcement Law (*N.J.S.* 2A:58–1 et seq.) in the Superior Court, County Court, county district court, or a municipal court, all of which shall have jurisdiction to enforce said Penalty Enforcement Law in connection with this act. If the violation is of a continuing nature, each day during which it continues after the date given by which the violation must be eliminated in accordance with the order of the department shall constitute an additional, separate and distinct offense.

The act was amended many times over the years. The amended version applying here is *N.J.S.A.* 13:1E–9f. The pertinent portions are as follows:

> Any person who violates the provisions of *P.L.*1970, *c.* 39, or any code, rule or regulation adopted pursuant thereto shall be liable to a penalty of not more

than $50,000.00 per day, to be collected in a civil action commenced by a local board of health, a county health department, or the commissioner.

. . . .

Any penalty imposed pursuant to this subsection may be collected with costs in a summary proceeding pursuant to "the penalty enforcement law" (*N.J.S.* 2A:58–1 et seq.). The Superior Court and the municipal court shall have jurisdiction to enforce the provisions of "the penalty enforcement law" in connection with this act.

Defendant contends the words "civil action" used in the first paragraph of section f of the new version must be read in conjunction with our court rule *R.* 4:2–1 which states: "There shall be one form of civil action in civil practice to be known as a 'civil action' ". Civil actions, with exceptions not applicable here, are heard only by filing a complaint in the Superior Court. *R.* 4:2–2; *R.* 4:3–1.

Defendant argues that the Legislature deliberately used the words "civil action" intending that they be construed in accordance with our court rule, thus purposefully limiting enforcement of the act to the Superior Court. We disagree with this reasoning, which was accepted by the court below.

 It is axiomatic that in construing a statute, we must give effect to the Legislature's intent. *Monmouth Cty. v. Wissell*, 68 *N.J.* 35, 43, 342 *A.*2d 199 (1975). The language of the statute and the statute's underlying policy and purposes are sources from which we seek statutory intent. *Airwork Ser. Div., etc. v. Director, Div. of Taxation*, 97 *N.J.* 290, 296, 478 *A.*2d 729 (1984); *Coletti v. Union Co. Bd. of C. Freeholders*, 217 *N.J.Super.* 31, 35, 524 *A.*2d 1270 (App.Div.1987); *Shapiro v. Essex Cty. Freeholder Bd.*, 177 *N.J.Super.* 87, 92–93, 424 *A.*2d 1203 (Law Div.1980), *aff'd*, 183 *N.J.Super.* 24, 443 *A.*2d 219 (App.Div.1982), *aff'd*, 91 *N.J.* 430, 453 *A.*2d 158 (1982). Moreover, "statutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as 'consonant to reason and good discretion.' " *Schierstead v. Brigantine*, 29 *N.J.* 220, 230, 148 *A.*2d 591 (1959) (citations omitted). Further, "where a literal reading of the statute leads to absurd consequences 'the court must restrain the words' and

seek the true legislative intent." *Id.* at 231, 148 *A*.2d 591 (citing *In re Merrill,* 88 *N.J.Eq.* 261, 102 *A.* 400 (Prerog.Ct.1917)). In construing a statute, we assume that the Legislature intended a reasonable approach, and the statute should be construed to effect a reasonable approach. *Roman v. Sharper,* 53 *N.J.* 338, 341, 250 *A*.2d 745 (1969).

■ With these principles in mind, one need only place the old and new sections of the statute side by side to quickly discern the intent of the Legislature. The primary objective of the amendment was to increase the number of remedies the Commissioner and local boards could pursue in enforcement of the statute. See Senate Energy and Environmental Committee Statement on Assembly No. 2577, *L.* 1985, *c.* 483 which says:

> At present, violators must be pursued through a summary judicial proceeding. The bill would establish a range of administrative remedies, as alternatives to any judicial proceeding. [Emphasis added.]

Under the old statute, the Commissioner was limited to injunctive relief in the Superior Court or civil penalties (fines) in the Superior, County, county district or municipal courts. Local boards were limited to civil penalties in these same courts. Any action for penalties was to be by way of a summary proceeding under the "penalty enforcement law" (*N.J.S.A.* 2A:58–1).

Under the new statute, the Commissioner received additional enforcement weapons in the form of abatement actions and penalties, both of which may be administratively initiated. He retains the original remedies of injunctive relief and civil penalties. By virtue of the amendment, local boards now have the additional right to seek injunctive relief.

If one looks at the original *N.J.S.A.* 13:1E–9c and compares it to the first and last paragraphs of *N.J.S.A.* 13:1E–9f, it is clear that in both the original and amended versions, the Legislature conferred on the Commissioner and local boards the right to obtain penalties. In the original statute, jurisdiction for this civil penalty action was given to the Superior, County, county

district and municipal courts. Obviously, the use of the words "civil action" in the original was not meant to indicate the court in which relief might be sought since those courts were specified. Those words were used to *label* the type of remedy referred to, namely a civil court action for fines as opposed to injunctive relief.

The same is true of the use of those words carried over in the amended version. The words "civil action" are a *label* referring to a type of remedy, namely penalties to be imposed through an action brought in a court as opposed to administrative penalties or injunctive or abatement type relief. Further, when the statute was amended, the County and county district courts had been abolished so reference to them was stricken. As before, civil action penalties were to be pursued in a summary manner pursuant to the "penalty enforcement law."

Therefore, the type of enforcement established by the Legislature in the original *N.J.S.A.* 13:1E-9c is continued in exactly the same manner in *N.J.S.A.* 13:1E-9f except that reference to the now extinct County and county district courts is eliminated. Local boards may continue to seek the imposition of fines against violators of the act, in a quick and simple summary procedure, brought locally in a municipal court if they so choose.

■ As to the cross-appeal, defendant argues that the county's solid waste management plan is invalid because it was not formally amended after October 28, 1988 to incorporate the recommendations of the Commissioner. However, under *N.J.S.A.* 13:1E-24f, the Commissioner has power to adopt his own recommended modifications and require county implementation. Defendant's argument that the county's failure to formally adopt the Commissioner's modifications nullifies the plan is without merit. Under the circumstances, further county action was not required, particularly since the county proceeded to act in accordance with the Department's amendments.

We reverse that part of the decision below holding the municipal court to be without jurisdiction but affirm its holding that the Middlesex County Recycling Plan is valid.