NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3546-17T1

STATE OF NEW JERSEY
DEPARTMENT OF
ENVIRONMENTAL
PROTECTION,

      Plaintiff-Respondent,

v.

ALSOL CORPORATION,

      Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

November 13, 2019

APPELLATE DIVISION

Argued February 13, 2019 – Decided November 13, 2019

Before Judges Fuentes, Accurso, and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 29-2017.

Lawrence S. Berger argued the cause for appellant (Berger & Bornstein, LLC, attorneys; Lawrence S. Berger, on the briefs).

Robert Gregory Lamilla, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jason W. Rockwell, Assistant Attorney General, of counsel; Robert Gregory Lamilla, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

In this appeal, we are required to determine whether the Law Division correctly decided that municipal courts have jurisdiction to impose civil penalties in an enforcement action filed by the New Jersey Department of Environmental Protection (DEP) pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 (the Spill Act). After reviewing the record developed by the parties, we affirm. We conclude municipal courts have jurisdiction pursuant to N.J.S.A. 58:10-23.11u(d) to impose civil penalties under the Spill Act in a summary proceeding conducted pursuant to the Penalty Enforcement Law of 1999, N.J.S.A 2A:58-10 to -12.

I

This issue arose when an employee of the DEP filed a complaint against Alsol Corporation (Alsol) in the Milltown Municipal Court, using the "Special Form of Complaint and Summons" prescribed by the Administrative Director of the Courts. The summons contains a section that identified the complaining witness as a representative of the DEP, who certified that

> to the best of his/her knowledge or information and belief, the named defendant on or about [October 4, 2016] in Milltown . . . [,] County of Middlesex County, N.J., did commit the following offense:
>
> Failure to remediate the property located at BL. 58 Lot 1.01 Ford Ave. & Main St. in violation of . . . N.J.A.C. 7:26C-2.3(a).

2

This DEP regulation provides:

(a) Upon the occurrence of any of the events listed in N.J.A.C. 7:26C-2.2(a), the person who is responsible for conducting the remediation at a site pursuant to N.J.A.C. 7:26C-1.4(a) shall:

1. Hire and maintain a licensed site remediation professional, unless:

i. The remediation is being conducted partially or solely to satisfy the obligations under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 et seq., is a priority site under the Government Performance and Results Act, 40 U.S.C. §§ 11101 et seq., and the U.S. Environmental Protection Agency is the lead agency for the remediation;

ii. The remediation is being conducted on a site that is listed on the National Priorities List pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601 et seq., and the U.S. Environmental Protection Agency is the lead agency for the remediation; or

iii. The remediation is being conducted at a Federal facility;

2. Notify the Department, on a form found on the Department's website at www.nj.gov/dep/srp/srra/forms, of the name and license information of the licensed site remediation professional hired to conduct or oversee the remediation and the scope of the remediation, including the number of contaminated areas of concern and impacted media known at the time the form is submitted and determined pursuant to N.J.A.C. 7:26C-4.2, within 45 days after:

i. May 7, 2012, when the earliest of the events listed at N.J.A.C. 7:26C-2.2(a) occurred prior to November 4, 2009; or

ii. The date of the occurrence of the earliest of the events listed at N.J.A.C. 7:26C-2.2(a), when the event occurred on or after November 4, 2009;

3. Conduct the remediation:

i. Without prior Department approval, except:

(1) If the Department directs otherwise;

(2) If the person is remediating the site, area of concern or site condition pursuant to N.J.A.C. 7:26C-14;

(3) If the remediation is being conducted pursuant to (a)1ii or iii above, or the site is being remediated partially or solely to satisfy the obligations under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 et seq., and is a priority site under the Government Performance and Results Act, 40 U.S.C. §§ 11101 et seq., regardless of whether the U.S. Environmental Protection Agency or the Department is the lead agency for the remediation; or;

(4) If the site is suspected or known to be contaminated with anthropogenic radionuclide contamination of any media;

ii. In accordance with N.J.A.C. 7:26C-1.2(a); and

iii. By addressing all deficiencies identified by the Department in any submittals made by the person or by a licensed site remediation professional on behalf of the person;

A-3546-17T1

4. Pay all applicable fees and oversight costs as required pursuant to N.J.A.C. 7:26C-4;

5. Establish a remediation funding source, if required, pursuant to N.J.A.C. 7:26C-5;

6. Provide the Department access to the contaminated site pursuant to N.J.A.C. 7:26C-8;

7. Provide the Department copies of all applicable documents concerning the remediation as required by this chapter and the Technical Requirements for Site Remediation rules, N.J.A.C. 7:26E, or upon request of the Department;

8. Meet the timeframes in this chapter and in the Technical Requirements for Site Remediation rules, N.J.A.C. 7:26E; and

9. Obtain and comply with all permits necessary for the remediation.

[N.J.A.C. 7:26C-2.3(a)(1) to (9).]

Despite the complexity and scope of activity covered by this regulatory scheme, the summons issued by the DEP provided only the date Alsol allegedly failed to remediate a particular property. When this matter came before the Milltown Municipal Court, Alsol moved to dismiss the summons for lack of subject matter jurisdiction. Alsol argued that municipal courts do not have the authority to adjudicate the merits of an enforcement action brought by the DEP involving alleged violations of the Spill Act. Represented by the

Attorney General, the DEP argued that municipal courts have subject matter jurisdiction under N.J.S.A. 58:10-23.11u(d), which provides:

> Any person who violates a provision of P.L.1976, c.141 ([N.J.S.A.] 58:10-23.11 et seq.), or a court order issued pursuant thereto, or who fails to pay a civil administrative penalty in full or to agree to a schedule of payments therefor, <u>shall be subject to a civil penalty not to exceed $50,000.00 per day for each violation, and each day's continuance of the violation shall constitute a separate violation</u>. Any penalty incurred under this subsection may be recovered with costs in a summary proceeding pursuant to the "Penalty Enforcement Law of 1999," P.L.1999, c.274 ([N.J.S.A.] 2A:58-10 et seq.) in the Superior Court or a municipal court. <u>The Superior Court and the municipal courts shall have jurisdiction to impose a civil penalty for a violation</u> of P.L.1976, c.141 ([N.J.S.A.] 58:10-23.11 et seq.) pursuant to this subsection <u>and in accordance with the procedures set forth in the "Penalty Enforcement Law of 1999</u>."

> [(Emphasis added).]

After considering the "extensive briefs and supporting documentation by both parties[,]" the municipal court judge concluded that N.J.S.A. 58:10-23.11u(d) only confers municipal courts with jurisdiction to enforce civil penalties "where a finding of liability has already been adjudicated." The municipal court judge also rejected the DEP's interpretation of N.J.S.A. 58:10-23.11u(d) and held that municipal courts' jurisdiction in matters arising out of the Spill Act are limited to conducting summary proceedings to enforce "a penalty previously imposed by either the administrative law court or the

6

[S]uperior [C]ourt." The municipal court judge granted Alsol's motion and dismissed the summons "without prejudice for lack of jurisdiction to be refiled either in [S]uperior [C]ourt or the [O]ffice of [A]dministrative [L]aw[.]"

The DEP appealed the municipal court's decision to the Law Division. The DAG who argued the matter did not present any competent evidence to support the DEP's allegations against Alsol. As it did before the municipal court, the DEP made legally incompetent factual assertions to the Law Division judge that alleged Alsol failed

> to remediate discharges of hazardous substances that occurred at the property located at Ford Avenue and Main Street, Milltown . . . as required by N.J.A.C. 7:26C-2.3(a). N.J.S.A. 58:10-23.11f(c)(1) makes ALSOL, as the owner of the Property when the discharge occurred, and COBRA, as the person who has discharged a hazardous substance, the persons responsible for conducting the remediation.
>
> Prior to the discharges, ALSOL contracted COBRA to perform demolition on a section of the Property, which included at least three electrical transformers. On October 4, 2016, Middlesex County HazMat received notification that an unknown amount of oil had spilled into Farrington Lake. Middlesex County HazMat's investigation revealed that the source of the spill was three electrical transformers, each containing approximately 380 gallons of oil, which Middlesex County HazMat found overturned near a storm drain at the rear of the property. COBRA improperly demolished the transformers, which resulted in a surface spill as well as a spill into the storm drain. Middlesex County HazMat performed a field test on a sample of the oil, which showed the presence of

PCB's. The discharge into the storm drain is particularly significant because the storm drain terminates in an outfall pipe, which discharges into Mill Pond/Lawrence Brook, downstream of Farrington Lake. After the initial spill, a constant stream of oil was discharging into the Brook. A DEP Fish and Wildlife officer issued an emergency fishing closure for Lawrence Brook between Riva Avenue and Ryders Lane.[1]

The DAG represented to the Law Division that the Bureau of Emergency Response "notified Alex Abdalla of COBRA that he was responsible for the cleanup of the oil from the transformers." Abdalla allegedly contracted with a company identified as "Insurance Restoration Specialists, who began the cleanup." According to the DEP, Insurance Restoration Specialists "ceased work" on October 6, 2016 "because Mr. Abdalla had not paid for their services." The DEP stepped into this breach and performed "emergency response work until October 25, 2016 to contain and partially remediate the spill." No further remediation has taken place.

Alsol denied the accuracy and completeness of the DEP's unsubstantiated material facts. Although the DEP identified COBRA in its

---

[1]   We note that as the case was terminated by the municipal court on defendant's motion to dismiss, the record is limited. The "facts" we quote here were not presented by way of affidavit, as required by Rule 1:6-6, and are thus legally incompetent hearsay. Cheng Lin Wang v. Allstate Ins. Co., 125 N.J. 2, 15-16 (1991). We include this only to provide some background of the dispute for the reader and do not rely on it for any other purpose.

brief before the municipal court and the Law Division as one of the parties legally responsible to remediate this contaminated site, COBRA is not a party in this case.

II

Whether municipal courts have subject matter jurisdiction to adjudicate this Spill Act enforcement action brought by the DEP is purely a question of law. We thus review the decision of the Law Division de novo, without any deference to the trial judge's interpretation of the law. State v. Ancrum, 449 N.J. Super. 526, 531 (App. Div.), certif. denied, 231 N.J. 222 (2017). The Legislature has demarcated the subject matter jurisdictional limits of municipal courts:

> A municipal court has jurisdiction over the following cases within the territorial jurisdiction of the court:
>
> a. Violations of county or municipal ordinances;
>
> b. Violations of the motor vehicle and traffic laws;
>
> c. Disorderly persons offenses, petty disorderly persons offenses and other non-indictable offenses except where exclusive jurisdiction is given to the Superior Court;
>
> d. Violations of the fish and game laws;
>
> e. Proceedings to collect a penalty where jurisdiction is granted by statute;
>
> f. Violations of laws regulating boating; and

> g. Any other proceedings where jurisdiction is granted by statute.
>
> [N.J.S.A. 2B:12-17 (emphasis added).]

The Supreme Court has also exercised its constitutional authority over this issue when it adopted Rule 7:1, which sets out the Rules Governing Practice in the Municipal Courts. On September 17, 2009, the Administrative Office of the Courts issued Instructions to Municipal Court Judges and Other Users with respect to the use of Special Form of Complaint and Summons. Rule 7-2-1(h) authorizes the summons the DEP used in this case. It provides:

> Use of Special Form of Complaint and Summons in Penalty Enforcement Proceedings. The Special Form of Complaint and Summons, as prescribed by the Administrative Director of the Courts, shall be used for all penalty enforcement proceedings in the municipal court, including those that may involve the confiscation and/or forfeiture of chattels. If the Special Form of Complaint and Summons is made by a governmental body or officer, it may be certified or verified on information and belief by any person duly authorized to act on its or the State's behalf.
>
> [Ibid. (emphasis added).]

Here, the DEP argues N.J.S.A. 58:10-23.11u(d) confers the municipal court with subject matter jurisdiction to adjudicate and assess civil penalties for violations of the Spill Act. The DEP further argues that N.J.S.A. 58:10-23.11u(a)(1)(c) "grants the [DEP] the ability to file in municipal court for a

civil penalty that will be independently adjudicated and assessed by the municipal court."

We confronted an analogous statutory scheme in Middlesex County v. Browning Ferris, 252 N.J. Super. 134, 137 (App. Div. 1991), in which we were required "to interpret a section of the Solid Waste Management Act [SWMA], N.J.S.A. 13:1E-9f, to determine if civil actions to impose fines for violations of the act may be brought in the Municipal Court in addition to the Superior Court."

As amended over the years, the SWMA authorized county health inspectors "to make visual inspections of the unloading of waste transport vehicles . . . to determine if the loads consisted of 20% or more of designated recyclables." Ibid. The controversy arose when the Middlesex County Health Department issued a "'Notice of Violation' and 'Penalty Assessment Notice' to [the] defendant Browning-Ferris Industries (BFI)." Ibid. When the defendant failed to pay a $100 penalty within fifteen days, the Middlesex County Health Department "brought an action in the Municipal Court of the Township of Edison[.]" Id. at 137-38.

The defendant moved to dismiss the action for lack of jurisdiction, arguing only the Superior Court had the authority to enforce the SWMA. Id. at 138. The municipal court agreed with the defendant and dismissed the action

for lack of jurisdiction.[2] Ibid. The Law Division agreed and held "that municipal courts lack jurisdiction under the statute to hear cases." Ibid. Our analysis and ultimate resolution of this issue was based on the Legislature's decision to amend N.J.S.A. 13:1E-9f in 1985.

As amended, N.J.S.A. 13:1E-9f provided as follows:

> Any person who violates the provisions of P.L.1970, c. 39, or any code, rule or regulation adopted pursuant thereto shall be liable to a penalty of not more than $50,000.00 per day, to be collected in a civil action commenced by a local board of health, a county health department, or the [DEP] commissioner.
>
> . . . .
>
> Any penalty imposed pursuant to this subsection may be collected with costs in a summary proceeding pursuant to "the penalty enforcement law" ([N.J.S.A] 2A:58-1 et seq.). The Superior Court and the municipal court shall have jurisdiction to enforce the provisions of "the penalty enforcement law" in connection with this act.
>
> [Id. at 138-139 (emphasis added).]

Under the "old statute," the DEP Commissioner was limited to seeking injunctive relief from the Superior Court, "or civil penalties (fines) in the Superior, County, county district, or municipal courts. Local boards were

---

[2] Although not relevant to the jurisdiction issue raised in this appeal, the municipal court also found the Middlesex County Recycling Plan was invalid. On appeal, the Law Division reversed that aspect of the municipal court's decision. Ibid. We upheld the Law Division's decision. Id. at 142.

limited to civil penalties in these same courts. Any action for penalties was to be by way of a summary proceeding under the 'penalty enforcement law' (N.J.S.A. 2A:58-1)." Id. at 140. By contrast, the amended version gave the DEP Commissioner "additional enforcement weapons in the form of abatement actions and penalties, both of which may be administratively initiated. He retains the original remedies of injunctive relief and civil penalties. By virtue of the amendment, local boards now have the additional right to seek injunctive relief." Ibid.

Against this statutory history, we construed "civil action" as used in the pre-amended version of N.J.S.A. 13:1E-9f "to indicate the court in which relief might be sought since those courts were specified. Those words were used to label the type of remedy referred to, namely a civil court action for fines as opposed to injunctive relief." Id. at 141. We further held that these jurisdictional limits remained after the Legislature's amendment of the statute "in exactly the same manner . . . [.] Local boards may continue to seek the imposition of fines against violators of the act, in a quick and simple summary procedure, brought locally in a municipal court if they so choose." Ibid.

A close examination of the provisions in N.J.S.A. 58:10-23.11u reveals a statutory framework similar to the one in Middlesex County. Under N.J.S.A. 58:10-23.11u(a), when the DEP determines

(1) . . . on the basis of available information . . . that a person is in violation of a provision of [the Spill Act], including any rule, regulation, plan, information request, access request, order or directive promulgated or issued pursuant thereto, or that a person knowingly has given false testimony, documents or information to the [DEP], the [DEP] may:

> (a) <u>Bring a civil action in accordance with subsection b. of this section</u>;
>
> (b) <u>Levy a civil administrative penalty</u> in accordance with subsection c. of this section; or
>
> (c) <u>Bring an action for a civil penalty in accordance with subsection d</u>. of this section.

Use of any of the remedies specified in this section shall not preclude use of any other remedy. The [DEP] may simultaneously pursue administrative and judicial remedies provided in this section.

[(Emphasis added).]

N.J.S.A. 58:10-23.11u(b) describes the remedies available to the DEP in an enforcement action brought in the Superior Court:

b. The [DEP] may commence a civil action in Superior Court for, singly or in combination:

(1) a temporary or permanent injunction;

(2) the costs of any investigation, cleanup or removal, and for the reasonable costs of preparing and successfully litigating an action under this subsection;

(3) the cost of restoring, repairing, or replacing real or personal property damaged or destroyed by a discharge, any income lost from the time the property

14

is damaged to the time it is restored, repaired or replaced, and any reduction in value of the property caused by the discharge by comparison with its value prior thereto;

(4) the cost of restoration and replacement, where practicable, of any natural resource damaged or destroyed by a discharge; and

(5) any other costs incurred by the [DEP] pursuant to P.L.1976, c.141.

Compensatory damages for damages awarded to a person other than the State shall be paid to the person injured by the discharge.

N.J.S.A. 58:10-23.11u(c) describes the civil administrative penalties available to the DEP in an enforcement action brought in an administrative proceeding in the Office of Administrative Law:

(1) The [DEP] may assess a civil administrative penalty of not more than $50,000 for each violation, and each day of violation shall constitute an additional, separate and distinct violation. A civil administrative penalty shall not be levied until a violator has been notified by certified mail or personal service of:

(a) the statutory or regulatory basis of the violation;

(b) the specific citation of the act or omission constituting the violation;

(c) the amount of the civil administrative penalty to be imposed;

(d)  the right of the violator to a hearing on any matter contained in the notice and the procedures for requesting a hearing.

(2)

(a) A violator shall have 20 calendar days following receipt of notice within which to request a hearing on any matter contained in the notice, and shall comply with all procedures for requesting a hearing. Failure to submit a timely request or to comply with all departmental procedures shall constitute grounds for denial of a hearing request. After a hearing and upon a finding that a violation has occurred, the [DEP] shall issue a final order assessing the amount of the civil administrative penalty specified in the notice. If a violator does not request a hearing or fails to satisfy the statutory and administrative requirements for requesting a hearing, the notice of assessment of a civil administrative penalty shall become a final order on the 21st calendar day following receipt of the notice by the violator. If the [DEP] denies a hearing request, the notice of denial shall become a final order upon receipt of the notice by the violator.

(b) A civil administrative penalty may be settled by the [DEP] on such terms and conditions as the [DEP] may determine.

(c) Payment of a civil administrative penalty shall not be deemed to affect the availability of any other enforcement remedy in connection with the violation for which the penalty was levied.

(3)  If a civil administrative penalty imposed pursuant to this section is not paid within 30 days of the date that the penalty is due and owing, and the penalty is not contested by the person against whom the penalty has been assessed, or the person fails to make a payment pursuant to a payment schedule entered into

with the department, an interest charge shall accrue on the amount of the penalty from the 30th day that amount was due and owing. In the case of an appeal of a civil administrative penalty, if the amount of the penalty is upheld, in whole or in part, the rate of interest shall be calculated on that amount as of the 30th day from the date the amount was due and owing under the administrative order. The rate of interest shall be that established by the New Jersey Supreme Court for interest rates on judgments, as set forth in the Rules Governing the Courts of the State of New Jersey.

(4) The [DEP] may assess and recover, by civil administrative order, the costs of any investigation, cleanup or removal, and the reasonable costs of preparing and successfully enforcing a civil administrative penalty pursuant to this subsection. The assessment may be recovered at the same time as a civil administrative penalty, and shall be in addition to the penalty assessment.

N.J.S.A. 58:10-23.11u(d) provides the DEP with two different approaches to enforce monetary remedies previously ordered or imposed by the Superior Court under N.J.S.A. 58:10-23.11u(b) or in an administrative hearing before an administrative law judge under N.J.S.A. 58:10-23.11u(c). Subsections (b) and (c) provide a person or entity charged with a violation of the Spill Act constitutionally required due process protections.

The Supreme Court recently reaffirmed the guiding principles judges must follow when confronted with a question of statutory construction:

Our objective in interpreting any statute is to give effect to the Legislature's intent. Frugis v. Bracigliano,

A-3546-17T1

177 N.J. 250, 280 (2003). When the clear language of the statute expresses the Legislature's intent, our analysis need go no further. Shelton v. Restaurant.com, Inc., 214 N.J. 419, 429 (2013). When a plain reading of the statute allows for more than one plausible interpretation or leads to an absurd result or a result at odds with the overall statutory scheme, we may turn to extrinsic evidence. DiProspero v. Penn, 183 N.J. 477, 492-93 (2005).

[McClain v. Bd. of Review, Dept. of Labor, 237 N.J. 445, 456 (2019).]

We construe the language in N.J.S.A. 58:10-23.11u(d) to provide the DEP with a choice to enforce these monetary penalties in a summary proceeding in either the Superior Court or in the municipal court that has territorial jurisdiction:

> Any person who violates a provision of [N.J.S.A. 58:10-23.11], or a court order issued pursuant thereto, or who fails to pay a civil administrative penalty in full or to agree to a schedule of payments therefor, shall be subject to a civil penalty not to exceed $50,000.00 per day for each violation, and each day's continuance of the violation shall constitute a separate violation. Any penalty incurred under this subsection may be recovered with costs in a summary proceeding pursuant to "the penalty enforcement law" (N.J.S.A. 2A:58-1 et seq.) in the Superior Court or a municipal court.
>
> [(Emphasis added).]

The forum selection authority available to the DEP under N.J.S.A. 58:10-23.11u(d) must be construed in <u>para materia</u> with the procedural mechanism in N.J.S.A. 2A:58-11, which provides:

> a. If a statute or ordinance allows a court action to impose a civil penalty or a penalty has been imposed that may not be enforced pursuant to section 1 of this act, an action to impose a penalty shall be brought as provided by this section.
>
> b. The action may be brought in the Superior Court. If the statute that establishes the civil penalty provides that the action may be brought in a municipal court, the action may be brought in any municipal court that has territorial jurisdiction over the action or in the Superior Court.
>
> c. The court shall decide the case in a summary manner without a jury unless otherwise provided in the statute imposing the penalty. The court shall hear testimony on any factual issues, and if it finds that the violation occurred, shall impose a penalty as provided by the statute. The defendant shall not be precluded from contesting the amount of the penalty.
>
> d. Unless precluded by the statute imposing the penalty, informal disposition may be made of any case by stipulation, agreed settlement, or consent order. Payment of a penalty pursuant to an informal disposition shall be considered a prior violation for the purpose of determining subsequent offender status.
>
> e. An action in Superior Court to impose a civil penalty may be joined with an action brought to restrain related violations.
>
> f. If a judgment for a civil penalty is rendered against a defendant, payment shall be made to the court and

shall be remitted to the State Treasurer of New Jersey, unless other disposition is provided for in the statute imposing the penalty.

In this light, a plain reading of the text in N.J.S.A. 58:10-23.11u(d) reveals the Legislature intended to authorize the DEP to bring a penalty enforcement action against "[a]ny person who violates a provision of [N.J.S.A. 58:10-23.11], or a court order issued pursuant thereto, or who fails to pay a civil administrative penalty in full or to agree to a schedule of payments." The Supreme Court endorsed this approach in Rule 7:2-1(h) by making this type of summary action cognizable in the municipal courts using the Special Summons the DEP used here.

Although our analysis differs from the approach employed by the Law Division, it is a long-settled principle of appellate jurisprudence that "an appeal is taken from a trial court's ruling rather than reasons for the ruling." State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011). We thus affirm the final judgment of the trial court "on grounds other than those upon which the trial court relied." Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

20                                                    A-3546-17T1